TERRITORY OF HAWAII *v.* TOSHIO TAMASHIRO.

NO. 2633.

SUBMITTED JUNE 6, 1947.                    DECIDED JUNE 27, 1947.

KEMP, C. J., PETERS, J., AND CIRCUIT JUDGE
CORBETT IN PLACE OF LE BARON, J., ABSENT.

OPINION OF THE COURT BY PETERS, J.

This is a writ of error prosecuted by the Territory to review a judgment sustaining a demurrer to an indictment charging the crime of perjury. The assignments of error incorporate the alleged errors of the trial court in sustaining the demurrer to the indictment on three grounds, only one of which need be considered, *viz.*, "That said indictment does not charge the defendant with any offense under the laws of the Territory of Hawaii."

Perjury is defined as "wilfully, knowingly and falsely stating, orally or in writing, some material fact on oath where the oath is required or authorized by law."[1]

It is a fundamental rule of criminal pleading that an indictment or information must describe the offense

---

1 R. L. H. 1945, § 11510.

charged with reasonable certainty.[2]  To charge the accused alternatively or disjunctively so as to leave it uncertain what is relied on as the accusation against him violates this rule.[3]  The rule against disjunctive allegations has been modified and relaxed in Hawaii in cases of offenses which are "constituted of one or more of several acts or which may be committed by one or more of several means or with one or more of several intents or which may produce one or more of several results."[4] But obviously the offense of perjury is not included in the exceptions of the statute.

Nor may it be said that the alternative or disjunctive allegations of material facts upon which the alleged perjury is assigned are mere matters of form and do not prejudice nor tend to prejudice the defendant, exculpation for which is extended by our local statute.[5]  The materiality of the facts upon which the alleged perjury is assigned is a matter of substance and must be set forth in the indictment with reasonable certainty.[6]

Although under the provisions of Revised Laws of Hawaii 1945, section 11511, only the substance of the offense need be charged,[7] it is nevertheless incumbent upon the Territory, by its indictment, to apprise the defendant of the crime charged "with such reasonable certainty that he can make his defense and not be taken by surprise by the evidence offered at the trial, and can be protected, after

---

2 Blitz v. United States, 153 U. S. 308, 315; United States v. Britton, 107 U. S. 655, 661; United States v. Cruikshank, et al., 92 U. S. 542, 557.

3 The Confiscation Cases, 20 Wall. 92, 194, (U. S.); 1 Bishop, New Crim. Proc. § 436, 585, 592; Joyce, Indictments (2d ed.) § 302; State v. Seeger, 65 Kan. 711, 70 Pac. 599.

4 R. L. H. 1945, § 10804.

5 R. L. H. 1945, § 10800.

6 Hogue v. United States, 184 Fed. 245

7 People v. Ah Bean, 77 Cal. 12, 18 Pac. 815.

judgment, against another prosecution for the same offense."[8]

While the indictment follows an accepted form it fails, in our opinion, to meet the legal requirements of certainty in respect to the inquiry which became and was material in and upon the criminal action or proceedings in relation to which the alleged perjury occurred.

The indictment, after reciting the pendency in the circuit court of the second circuit of an appeal in mitigation of sentence by the magistrate of the district of Makawao, county of Maui, upon a plea of guilty of the offense of assault and battery and a hearing before said second circuit court upon said appeal at which this defendant appeared as a witness and was duly sworn, alleges: "* * * whereupon it then and there became and was a material inquiry on the trial of the said criminal action and proceedings, as bearing upon the credibility as a witness, of him the said Toshio Tamashiro [this defendant], whether or not he, the said Toshio Tamashiro was regularly employed or when he had last been so employed * * *." The preceding quoted excerpt from the indictment is the only reference contained therein to the materiality of the inquiry presented. It is not alleged in the indictment that the alleged false testimony of the defendant was material.

Revised Laws of Hawaii 1945, section 9501, authorizes appeals to circuit courts in mitigation of sentence under the circumstances alleged in the indictment. The procedure in the circuit court upon such appeals is not, however, prescribed. But the general powers conferred upon circuit courts by Revised Laws of Hawaii 1945, section 9652, unquestionably apply and the testimony of witnesses under oath may be taken and received in the circuit court upon

8 Claiborne v. United States, 77 F. (2d) 682, 689.

the issue of mitigation.[9] Whether this defendant was called by the Territory or by the appellant in the assault and battery case does not appear. Nor does it appear whether the alleged material inquiry referred to in the indictment arose upon the direct examination of this defendant as a witness or upon direct or cross-examination by way of impeachment. But in the absence of anything to the contrary the regularity of the proceedings before the circuit court as alleged in the indictment must be presumed.

The present employment of a witness and its regularity may be material as bearing on his credibility. Similarly, nonemployment or irregularity or infrequency of employment, despite the opportunity and ability to work and present necessity. The use of the alternative disjunctive "whether or not", however, leaves uncertain whether the subject of the alleged material inquiry was regularity or irregularity of employment. The same observation applies to the further and additional material subject of inquiry alleged in the disjunctive, "or when he [the witness] had last been so employed." The cumulative effect of these alternative and disjunctive allegations makes possible four alternative material subjects of inquiry, none of which are synonymous, *viz.*: (a) regularity of present employment; (b) irregularity of present employment; (c) last regular employment; and (d) extent of preceding irregular employment. All of these material inquiries may have been alleged when joined by the copulative conjunction "and" but to allege them in the alternative or disjunctive rendered the allegation uncertain and indefinite. Before a defendant may be called upon to answer an indictment for perjury he must be informed with reasonable certainty of

---

[9] Prov. Gov't vs. Mura, 9 Haw. 428; The Queen vs. Fernandez, 8 Haw. 273.

the subject of the alleged material inquiry with respect of which the alleged perjury is assigned.[10] Confusion and uncertainty such as this deprives the defendant of his fundamental right of being informed of the nature and cause of the accusation. In the absence of allegations conveying that information the indictment is fatally defective and subject to general demurrer.[11]

*E. R. Bevins*, County Attorney of Maui, and *W. F. Crockett*, Deputy County Attorney, for plaintiff in error.

*E. Vincent* for defendant in error.

---

10 Fry v. The State, 36 Tex. Crim. R. 582, 37 S. W. 741, 38 S. W. 168.
11 R. L. H. 1945, § 10819; State of Maine v. Mahoney, 115 Me. 251, 98 Atl. 750.