**STATE OF HAWAII**, Plaintiff–Appellee, v. **AUKUSITINO L. LEMALU**, Defendant–Appellant

NO. 14296

(CR. NO. 87–1689)

APRIL 11, 1991

LUM, C.J., PADGETT, HAYASHI, WAKATSUKI, AND MOON, JJ.

## OPINION OF THE COURT BY MOON, J.

Defendant–appellant Aukusitino L. Lemalu (Lemalu) appeals his conviction for Driving Under the Influence of Intoxicating Liquor (DUI) in violation of Hawaii Revised Statutes (HRS) § 291–4(a)(2) (1985). Lemalu was arrested in 1987 and charged, in two separate counts, with violating HRS § 291–4(a)(1) (driving

·under the influence) (count I) and § 291–4(a)(2) (driving with a blood alcohol level of 0.10 percent or more) (count II). Following a jury trial, Lemalu was acquitted of count I but convicted of count II. On appeal, Lemalu asserts that the trial court erred in denying his motion to dismiss the complaint based on his contention that the use of two counts to charge a single offense of DUI rendered the complaint defective and violated his due process rights. Alternatively, Lemalu asserts that he was twice placed in jeopardy when both counts were submitted to the jury. Lemalu contends that the trial court should have required that the State elect only one count under which to proceed. We do not agree with these assertions. However, we conclude that there was substantial prejudice created by the use of particular jury instructions combined with multiple verdict forms, which may have led the jury to believe that Lemalu was charged with two separate offenses rather than one. We find such prejudice to be plain error, and therefore vacate Lemalu's conviction and remand for retrial.

I.

On December 4, 1989, before jury selection, the trial court heard Lemalu's "Motion to Dismiss Counts I and II of the Complaint" (motion to dismiss), which was based on a decision by this court issued in July 1989, *State v. Grindles*, 70 Haw. 528, 777 P.2d 1187 (1989), pronouncing that the DUI statute provided two alternative means of proving a single offense.[1] At the hearing on the motion to dismiss, Lemalu argued that under *Grindles* he had been mischarged, since the complaint contained two counts alleging the

---

[1] It is important to note that until the ruling in *Grindles*, both the Intermediate Court of Appeals and this court were erroneously treating two counts under the DUI statute as two separate offenses. *See State v. Dow*, 72 Haw. 56, 62 n.5, 806 P.2d 402, 405 n.5 (1991).

single offense of DUI, which he submitted would lead the jury to believe that two offenses had allegedly been committed. The trial court disagreed, noting that *Grindles* was distinguishable from Lemalu's case because *Grindles* involved the bifurcation of the two methods of proving DUI into separate trials. The trial court, riot convinced that Lemalu had been illegally charged, denied the motion to dismiss. After a three–day trial, both counts were submitted to the jury, which found Lemalu guilty under count II but not guilty under count I. The trial court entered a judgment of conviction as to count II, the subsection (a)(2) violation, and a judgment of acquittal as to count I, the (a)(1) violation. Lemalu timely appealed his DUI conviction under HRS § 291–4(a)(2).

II.
A.

The DUI statute, HRS § 291–4(a), provides as follows:
A person commits the offense of driving under the influence of intoxicating liquor if:
(1)   The person operates or assumes actual physical control of the operation of any vehicle while under the influence of intoxicating liquor; or
(2)   The person operates or assumes actual physical control of the operation of any vehicle with 0.10 per cent or more, by weight of alcohol in the person's blood.
Lemalu argues that since the complaint, which set forth the DUI violation in two counts, failed to clearly show that only one offense was charged, the complaint was prejudicially defective by virtue of the suggestion to the jury that he had committed not one but two crimes.

We do not believe, however, that the two–count DUI charge in this case was fatally flawed. There is no prohibition, constitutional

or otherwise, to charging the DUI offense in two counts. The defense itself acknowledges that at common law one offense could be charged in more than one count to meet the contingencies of proof at trial. "It has long been the approved practice to charge, by several counts, the same offense as committed in different ways or by different means, to such extent as will be necessary to provide for every possible contingency in the evidence." 41 Am Jur. 2d *Indictments and Informations* § 223, at 1016 (1968). *See also Wharton's Criminal Procedure* § 296 (12th ed. 1975). DUI, by statute, is precisely such an offense. Thus, charging the two methods of proving DUI in separate counts is in keeping with approved practice. However, when the type of conduct proscribed under one subsection of a statute is not factually synonymous with that proscribed by another subsection, we have previously noted that the charge "may be laid in the conjunctive but not in the disjunctive." *State v. Jendrusch*, 58 Haw. 279, 283 n.4, 567 P.2d 1242, 1245 n.4 (1977). A defendant must be put on sufficient notice of the " 'nature and cause of the accusation' " with which he is charged. *Jendrusch*, 58 Haw. at 281, 567 P.2d at 1244 (citation omitted). Phrasing a complaint in the disjunctive would not provide such notice as it would leave the defendant "uncertain as to which of the acts charged was being relied upon as the basis for the accusation against him." *Jendrusch*, 58 Haw. at 283 n.4, 567 P.2d at 1245 n.4.

In this case, there is neither the conjunctive "and" nor the disjunctive "or" joining the two counts alleging DUI in the complaint. Nonetheless, we find that the complaint is impliedly set forth in the conjunctive and that it sufficiently apprised Lemalu that he was charged with committing the offense of DUI provable by two different means. We therefore decline to reverse the trial court's denial of Lemalu's motion to dismiss the complaint on the basis of its two separate counts.

## B.

Lemalu argues alternatively that the trial court erred by not requiring the State to make an election to proceed under either the (a)(1) or the (a)(2) subsection of HRS § 291–4. We have not been presented with any authority which convinces us that the State should be forced to elect between the two methods of proof provided by HRS § 291–4(a) at any stage of the proceeding.

Lemalu further argues that the submission of the two DUI counts to the jury placed him twice in jeopardy for the same offense.[2] However, we discern no double jeopardy where, as here, the two DUI counts are submitted to the jury (or the judge, in a jury–waived case) at the same time. *State v. Grindles*, 70 Haw. 528, 777 P.2d 1187 (1989). The Double Jeopardy Clause was "directed at the threat of multiple prosecutions," and "guards against Government oppression." *United States v. Scott*, 437 U.S. 82, 86, 99 (1978) (citations omitted). In addition, jeopardy does not come to an end in a particular case until the jury is discharged. *State v. Manipon*, 70 Haw. 175, 765 P.2d 1091 (1989). Therefore, since there was only one prosecution, and jeopardy for Lemalu's DUI offense did not end until after the jury reached a verdict on both counts, this case simply does not raise double jeopardy concerns.

Based on the arguments presented by Lemalu in this appeal, we discern no reversible error with respect to the trial court's denial of the motion to dismiss or the submission of both DUI counts to the jury.

---

[2] The Double Jeopardy Clause of the fifth amendment to the United States Constitution provides, "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb." Article I, section 10 of the Hawaii Constitution contains a similar double jeopardy provision.

## III.

We now discuss our conclusion that the jury instructions combined with the use of multiple verdict forms addressing each DUI count created substantial prejudice to Lemalu by impressing upon the jury that he was charged with two separate DUI offenses. Although Lemalu has not raised this issue on appeal, we view the giving of certain instructions coupled with the use of multiple verdict forms as plain error.

Our review of the jury instructions in this case reveals two instructions which are particularly troublesome, especially when combined with the use of multiple verdict forms. The instructions, designated as Court's Instruction No. 16 and No. 17, respectively provide as follows:

> The defendant is charged with **more than one offense under separate counts** in the complaint. Each offense with the evidence applicable thereto is to be considered separately. The fact that you may find the defendant not guilty of one of the offenses charged does not mean that you must necessarily reach the same verdict with respect to any other offense charged.
>
> In this case there are 2 counts, **each charging a separate crime**. You may at any time during your deliberations return a verdict or verdicts with respect to one or more counts to which you can agree even though you may not be able to reach agreement as to all 2 counts.

(Emphasis added.)[3]

---

[3] It is important to note here that although Lemalu was originally charged with DUI (counts I and II), driving without a license (count III), and noncompliance with speed limit (count IV), the jury was presented with only the DUI offense. The record indicates that by the time the instructions were settled in chambers, either count III or count IV had been dismissed since Instruction No. 17 referred to

The record indicates that Lemalu did not raise any objections to either Instruction No. 16 or No. 17. However,

> [a]lthough an error in the instructions to which no objection is made at trial may not be assigned as error on appeal . . . and an error in the instructions which is not properly cited in the points on appeal . . . will not be considered on appeal, . . . appellate courts *may* notice plain errors or defects affecting substantial rights which were not brought to the attention of the court.

*State v. Halemanu*, 3 Haw. App. 300, 306, 650 P.2d 587, 592 (1982) (citations omitted, emphasis in original). When considering the issue of jury instructions, "the standard of review is whether, when read and considered as a whole, the instructions given are prejudicially insufficient, erroneous, inconsistent or misleading." *Id.*

The jury's deliberation in Lemalu's case involved only the DUI charge.[4] Therefore, it is clear that both Instruction Nos. 16 and 17, either alone or together, erroneously gave the jury the impression that the two-count DUI charge constituted two separate crimes. The problem created by the giving of both instructions was compounded by the use of multiple verdict forms. The jury was provided two verdict forms for each of the two counts of DUI — one guilty and one not guilty form for "CT. I: Driving Under the Influence of Intoxicating Liquor, 291–4(a)(1), HRS;" and the same two forms for "CT. II: Driving Under the Influence of

---

"3" counts in the case. Further, it appears that at some point subsequent to the settling of instructions, but before jury deliberations, another count was dismissed, leaving only the two counts alleging the DUI offense. During deliberations, the jury requested and was provided a clean copy of the instructions. The copy given to the jury, which included Instruction No. 17, reflects "2" counts in the case, not "3." However, Instruction No. 16 was also included in the copy given to the jury.

[4] *See supra* note 3.

Intoxicating Liquor, 291–4(a)(2), HRS." The problem with the instructions and the multiple verdict forms was then further compounded by the giving of Court's Instruction No. 19. Instruction No. 19, a standard court's instruction, which was not modified in this case, reads:

> You may bring in either one of the following verdicts:
> 1.   Not guilty; or
> 2.   Guilty as charged.
>
> Your verdict must be unanimous.
>
> After a verdict has been reached and your foreperson has signed and dated the verdict form, you will notify the bailiff, and Court will be reconvened to receive the verdict.

Considering that the jury was instructed to return either a "not guilty" or "guilty as charged" on separate verdict forms for each count and was given Instruction Nos. 16 and 17, we find it highly probable that it was led to believe that the DUI counts against Lemalu constituted separate crimes.

While we recognize the substantial prejudice created by the use of Instruction Nos. 16 and 17 (or any other similar instruction that may characterize a single offense as separate crimes), coupled with the use of multiple verdict forms, we emphasize that such prejudice arises here because DUI was the only offense presented to the jury. In cases where a defendant is prosecuted for other crimes in addition to DUI, instructions such as Nos. 16 and 17 may be appropriate. However, caution must be exercised in wording the instructions so as not to mislead the jury into believing that the two methods of proving DUI constitute two separate offenses.

We further emphasize that the use of multiple verdict forms addressing both DUI counts does not, in and of itself, constitute reversible error. Whether DUI is the only offense prosecuted or is in addition to other offenses, the use of multiple verdict forms is

appropriate as long as the jury is properly instructed that DUI is one offense. However, trial courts must be mindful that a jury's verdict of not guilty under only one method of proof is merely a factual finding and not the basis for a judgment of acquittal. *Dow*, 72 Haw. at 63, 806 P.2d at 407. Only one judgment of acquittal or of conviction should be entered.

## IV.

In light of our decision to remand this case for retrial and the fact that a "*judgment* of acquittal" has been entered on the (a)(1) count, it is necessary that we discuss the double jeopardy implications which now arise due to such remand. Based upon our recent ruling in *State v. Dow*, 72 Haw. 56, 806 P.2d 402 (1991), there is no question that the State may retry its case against Lemalu on the (a)(2) count. Dow, like Lemalu, was charged with DUI under HRS § 291–4(a)(1) and (a)(2), in two counts. After the State rested, the trial court granted Dow's motion for judgment of acquittal as to the (a)(1) count and submitted the (a)(2) count to the jury. The jury was unable to reach a verdict and a mistrial was declared, but the court entered a judgment of acquittal on the (a)(1) count. The State retried Dow on the (a)(2) count, resulting in a conviction. On appeal, this court found that "Dow's acquittal was in form only; therefore the second trial, which led to his conviction, was constitutionally permissible." *Dow*, 72 Haw. at 59, 806 P.2d at 404. However, in *Dow*, unlike the present case, the State had retried only the DUI count of which the defendant had not been acquitted. Thus, we were not faced with the question that we now address: whether the State, on remand, would be allowed to present evidence of DUI under both methods of proof. We find the judgment of acquittal in this case to be in form only and not in substance, based on the rationale in *Dow*. It is thus constitutionally

permissible for the State to retry Lemalu on the DUI offense, which includes count I as well as count II of the complaint.

## V.

Based on the foregoing, we vacate Lemalu's conviction and remand this case for retrial consistent with this opinion.

*Charlotte Jean Duarte* and *Wallace W. Weatherwax*, Deputy Prosecuting Attorneys (*Alexa D. M. Fujise* on the brief) for plaintiff–appellee.

*Arthur E. Ross* (*Paul J. Cunney* on the brief) for defendant–appellant.