296 P.3d 359

STATE of Hawai'i, Respondent/Plaintiff–
Appellee,

v.

Sarah V.P. SPEARMAN,
Petitioner/Defendant–
Appellant.

No. SCWC–11–0000702.

Supreme Court of Hawai'i.

Feb. 21, 2013.

Reconsideration Denied March 8, 2013.

Timothy I. MacMaster, Honolulu, for peti-
tioner.

Keith M. Kaneshiro and Stephen K. Tsu-
shima, Honolulu, for respondent.

RECKTENWALD, C.J., NAKAYAMA,
ACOBA, McKENNA, and POLLACK, JJ.

Opinion of the Court by MCKENNA, J.

## I. Introduction

At issue in this appeal is whether double jeopardy [1] bars the re-prosecution of a defendant for violating Hawai'i Revised Statutes ("HRS") § 291E–61 (2007 & Supp. 2009) [2] ("Operating a Vehicle under the Influence of an Intoxicant" or "OVUII"), following a "judgment of acquittal" on the HRS § 291E–61(a)(3) method of proof in an initial trial in which both HRS §§ 291E–61(a)(1) and (a)(3) methods of proof were tried. We reaffirm that a "judgment of acquittal" on the HRS § 291E–61(a)(3) method of proof in an OVUII trial is "in form only," but that it serves as a factual finding that the State has not met its burden of proving the requisite breath alcohol content. Based on our recent holding in *State v. Mundon*, 129 Hawai'i 1, 292 P.3d 205 (2012)(adopting the "collateral estoppel" principle from *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970)), however, the collateral estoppel principle embodied in the double jeopardy clause prohibits the State from re-litigating breath alcohol content, whether in a re-prosecution of the defendant on the HRS § 291E–61(a)(3) method of proof, or as part of the State's evidence in a subsequent trial on the HRS § 291E–61(a)(1) method of proof. We therefore expressly overrule *State v. Lemalu*, 72 Haw. 130, 139, 809 P.2d 442, 447 (1991), which held otherwise. The collateral estoppel principle, however, would not prohibit the State from re-charging the defendant on the HRS § 291E–61(a)(1) method of proof, following a dismissal without prejudice based on the failure of the Complaint to allege mens rea. *See State v. Nesmith*, 127 Hawai'i 48, 276 P.3d 617 (2012). Consequently, we affirm the ICA's Judgment on Appeal.

1. Article V of the United States Constitution provides, "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb...." Article I, Section 10 of the Hawai'i State Constitution provides, "[N]or shall any person be subject for the same offense to be twice put in jeopardy...."

2. HRS § 291E–61 provides, in relevant part, as it did at the time of Spearman's alleged offense:

 **Operating a vehicle under the influence of an intoxicant.** (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

## II. Background

On May 16, 2011, the State charged Spearman via Complaint with violating HRS § 291E–61 (a)(1) and/or (a)(3), but the Complaint did not allege mens rea. After the State orally read the Complaint to Spearman, Spearman's counsel moved to dismiss the Complaint because it failed to allege mens rea. The district court [3] denied the motion, and trial commenced.

Among the State's witnesses was a Honolulu Police Department officer who testified that she administered the breath alcohol test, using the Intoxilyzer 8000, to Spearman, who "blew a 0.251 ... percent of alcohol liters per two tenths breath." After the State rested, Spearman's counsel moved for a judgment of acquittal and to strike all testimony about breath alcohol content. The district court interpreted this statement as a "motion for judgment of acquittal as to the A–3." The district court pointed out that the officer "testified that in fact it was not .251 grams of alcohol per two hundred ten liters of breath. It was something that I didn't even understand.... It's up to her to testify to [the units of measurement]. She tried and failed." The district court then granted "the motion to judgment of acquittal as to the A–3."

Spearman chose not to testify. The defense then rested, and the district court found Spearman guilty of violating HRS § 291E–61 (a)(1) only. Spearman appealed, on the basis that the Complaint was legally deficient for failing to allege mens rea.

While Spearman's appeal was pending before the ICA, we issued our opinion in *Nesmith*, which held that an HRS § 291E–

(1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty;
(2) While under the influence of any drug that impairs the person's ability to operate the vehicle in a careful and prudent manner;
(3) With .08 or more grams of alcohol per two hundred ten liters of breath; or
(4) With .08 or more grams of alcohol per one hundred milliliters or cubic centimeters of blood.

3. The Honorable William A. Cardwell presided over the trial.

61(a)(1) charge must allege mens rea in order to give the accused fair notice of the nature and cause of the accusation. 127 Hawai'i at 50, 54, 276 P.3d at 619, 623. In disposing of Spearman's appeal, the ICA[4] accordingly held, "Pursuant to *Nesmith*, we conclude that Spearman's HRS § 291E–61(a)(1) charge was deficient for failing to allege *mens rea*." *State v. Spearman*, CAAP–11–0000702, 127 Hawai'i 414, 2012 WL 2445294 (June 27, 2012)(SDO) at 2. It then vacated the judgment of the district court and remanded the case "with instructions to dismiss without prejudice the portion of the complaint alleging a violation of HRS § 291E–61(a)(1)." *Id.* at 3 (footnote omitted). The ICA also footnoted the following observation: "We note that because the District Court acquitted Spearman with respect to the alleged HRS § 291E–61(a)(3) violation, the protection against double jeopardy would preclude Plaintiff–Appellee State of Hawai'i from re[-]prosecuting Spearman for violating HRS § 291E–61(a)(3)." *Id.* at 3, n. 3.

## III. Discussion

On certiorari, Spearman presents the following point-by-point argument: First, OVUII consists of a single offense (HRS § 291E–61) for which there are four alternative methods of proof (HRS § 291E–61(a)(1), (2), (3), and (4)). For this proposition, Spearman cites *State v. Grindles*, 70 Haw. 528, 777 P.2d 1187 (1989). Second, once the State failed to validly charge the HRS § 291E–61(a)(1) method of proof and failed to prove the HRS § 291E–61(a)(3) method of proof, the district court should have found Spearman not guilty of the offense of OVUII or at least dismissed the entire case with prejudice. Third, the ICA's footnote 3 did not go far enough: not only should double jeopardy bar the State from re-prosecuting Spearman on the HRS § 291E–61(a)(3) method of proof, it should also bar the State from re-prosecuting her on the HRS § 291E–61(a)(1) method of proof. In other words, a dismissal without prejudice on the HRS § 291E–

61(a)(1) method of proof was an improper remedy; the proper remedy was a dismissal of the entire HRS § 291E–61 Complaint. Consequently, Spearman requests that this court "reverse and vacate the District Court's Judgment of Conviction and Sentence on the entire HRS § 291E–61 charge herein."

The following sub-sections discuss several of our past cases, which dispose of Spearman's point-by-point argument.

### 1. *State v. Grindles*

■ Spearman is correct that *Grindles* stands for the proposition that Driving under the Influence ("DUI") under HRS § 291–4 (now OVUII under HRS § 291E–61[5]) constitutes "one offense with alternative methods of proof," including proof of impaired driving or proof of blood alcohol content. 70 Haw. at 530, 777 P.2d at 1189. In that case, this court reversed an appellant's conviction for DUI and remanded the case for a new trial, concluding that the trial court erred in bifurcating the DUI trial into two separate hearings: the first on the impaired driving method of proof and the second on the blood alcohol method of proof. 70 Haw. at 529, 777 P.2d at 1188. The trial court adjudged the appellant guilty of violating HRS § 291–4 under the impaired driving method of proof, and the hearing on the blood alcohol content method did not take place thereafter. 70 Haw. at 529, 777 P.2d at 1189. This court footnoted a further concern about the bifurcated trial as follows:

> We also note that bifurcation of a DUI trial into two separate hearings under HRS § 291–4(a)(1) and –4(a)(2) may subject the defendant to double jeopardy. In this case, jeopardy attached when the court began to hear the State's evidence. Appellant was not subjected to double jeopardy, however, since the trial court adjudicated him guilty at the conclusion of the State's proof under § 291–4(a)(1), and did not proceed to hold a second hearing under § 291–4(a)(2). However, in the

4. The Honorable Craig H. Nakamura, Katherine G. Leonard, and Lisa M. Ginoza presided over the ICA appeal.

5. HRS § 291E–61 substantially recodified HRS § 291–4 such that cases interpreting HRS § 291–4 apply with equal force to HRS § 291E–61. *Nesmith*, 127 Hawai'i at 59, 276 P.3d at 628.

event the defendant is acquitted under § 291–4(a)(1) and the court allows the State to proceed under § 291–4(a)(2), the defendant will have been twice placed in jeopardy for the same offense in violation of article I, section 10 of the Hawaii Constitution and the fifth amendment to the U.S. Constitution.

70 Haw. at 533, n. 3, 777 P.2d at 1191, n. 3.

### 2. *State v. Dow*

This dicta in *Grindles*, at first glance, appears to support Spearman's double jeopardy argument. However, this court's holding in *State v. Dow*, 72 Haw. 56, 806 P.2d 402 (1991), demonstrates that an "acquittal" on one method of proof for DUI does not necessarily pose a double jeopardy threat to a subsequent prosecution on another method of proof for DUI. In that case, the defendant ("Dow") was charged with DUI under HRS § 291–4(a)(1)(driving under the influence)(count I) and HRS § 291–4(a)(2)(driving with blood alcohol level of 0.10 or more)(count II). 72 Haw. at 58, 806 P.2d at 403. After the prosecution rested, Dow moved for a judgment of acquittal as to Count I, which the trial court granted. *Id.* Count II was submitted to the jury, but the jury was unable to reach a verdict on that count, and the trial court declared a mistrial. *Id.* A second trial on Count II was scheduled, and Dow filed a motion to dismiss on the ground of double jeopardy. *Id.* The motion was denied, trial commenced, and Dow was convicted on count II. *Id.* Dow appealed, and the ICA reversed his conviction. 72 Haw. at 58, 806 P.2d at 403–04. This court then reversed the ICA's decision, concluding there was no double jeopardy bar to the retrial. 72 Haw. at 57, 806 P.2d at 403.

Preliminarily, we note that the facts in Spearman's case are similar to those in *Dow*. Spearman was charged with violating two alternative sections of HRS § 291E–61: the impaired driving subsection (HRS § 291E–61(a)(1)) and the breath alcohol content subsection (HRS § 291E–61(a)(3)). After the prosecution rested, Spearman moved for a judgment of acquittal as to the HRS § 291E–61(a)(3) method of proof, and the trial court granted her motion. After the "acquittal," trial proceeded on the other method of proof,

HRS § 291E–61(a)(1). Although Spearman's case did not result in a mistrial on that method of proof, her appeal did result in a vacate-and-remand of that charge, with an instruction to the district court to dismiss that charge without prejudice. Here, however, the similarities between Dow's and Spearman's cases end. Spearman, unlike Dow, has not yet been re-prosecuted on the HRS § 291E–61(a)(1) charge; Dow, on the other hand, appealed his conviction on the basis of double jeopardy at the end of his second trial. In essence, Spearman's double jeopardy challenge to the ICA's decision is hypothetical, as the ICA did not direct the district court to commence a second trial on the HRS § 291E–61(a)(1) charge; the ICA only ordered a dismissal of that charge without prejudice. Spearman's challenge to the ICA's SDO and Judgment on Appeal appears to be that it leaves open the potential for a double jeopardy violation should the State re-prosecute. Returning to this court's analysis in *Dow*, however, the ICA's direction to the district court to dismiss Spearman's HRS § 291E–61(a)(1) without prejudice was not erroneous and will not pose a double jeopardy threat.

In *Dow*, this court first recognized that the constitutional guarantee against double jeopardy "protects against a second prosecution for the same offense after acquittal," whether by jury verdict or by a direction of the court. 72 Haw. at 58–59, 806 P.2d at 404 (citations omitted). However, it also noted that not all acquittals are created equal: there are situations in which an acquittal can be "in form only"; in such a case, a second prosecution after a "form only" acquittal would be constitutionally permissible. 72 Haw. at 59, 806 P.2d at 404. In *Dow*, this court held that pursuant to *Grindles*, "DUI is one offense that must be tried at one time. Therefore, a trial court should not 'acquit' a defendant of part of a DUI offense." 72 Haw. at 63, 806 P.2d at 406.

It then turned to Hawai'i Rules of Penal Procedure ("HRPP") Rule 29(a)(1977) for further support. That rule stated at the time of Dow's case, as it does now:

Motions for directed verdict are abolished and motions for judgment of acquittal shall be used in their place. The court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal *of one or more offenses* alleged in the charge after the evidence on either side is closed if the evidence is insufficient to sustain a conviction *of such offense or offenses.* If a defendant's motion for judgment of acquittal at the close of the evidence offered by the prosecution is not granted, the defendant may offer evidence without having reserved the right.

*Id.* (emphasis added in Dow). This court stated, "[T]he rule makes clear that the court may not acquit a defendant of less than the entire offense of DUI. We find, therefore, that the trial court erred in entering a judgment of acquittal." *Id.* This court concluded that such a "judgment of acquittal was not valid . . . ." 72 Haw. at 65, 806 P.2d at 407.

Further, this court stated that it did not believe that the trial court even intended to enter a "judgment of acquittal":

[I]t is obvious from the record that the trial court did not intend to dismiss the entire offense since the case [proceeded on the other method of proof of DUI]. We find that the trial court did not acquit the defendant of anything. Instead, we conclude that the trial court made a factual finding, equivalent to a jury's special verdict.

72 Haw. at 63, 806 P.2d at 406. This court then rejected the trial court's characterization of its action as an "acquittal," holding that the "acquittal" was "in form only and not in substance"; therefore, it concluded that "Dow was not twice placed in jeopardy for the same offense when he was retried following a mistrial on the (a)(2) count, despite the trial court's entry of judgment of acquittal on the (a)(1) count." 72 Haw. at 65–66, 806 P.2d at 407.

Similarly, in Spearman's case, the district court erred in entering a "judgment of acquittal" as to just the HRS § 291E–61(a)(3) charge. As in Dow's case, it was "obvious" that the district court did not intend to dismiss the entire HRS § 291E–61 offense of OVUII because the district court

proceeded to render its decision on the HRS § 291E–61(a)(1) charge. Instead, pursuant to *Dow,* the district court's "judgment of acquittal" on the HRS § 291E–61(a)(3) charge was really a "factual finding" that the State had not proven what Spearman's breath alcohol content was. The district court's "judgment of acquittal" was, thus, in form only and would not prevent the State from re-prosecuting Spearman on the HRS § 291E–61(a)(1) charge. Consequently, the ICA did not err in directing the district court to dismiss the HRS § 291E–61(a)(1) charge without prejudice, with the potential existing that Spearman could be re-prosecuted on that method of proof.

### 3. *State v. Lemalu*

The ICA did not err in the instant case in further footnoting the following: "We note that because the District Court acquitted Spearman with respect to the alleged HRS § 291E–61(a)(3) violation, the protection against double jeopardy would preclude Plaintiff–Appellee State of Hawai'i from re[-]prosecuting Spearman for violating HRS § 291E–61(a)(3)." *Spearman,* SDO at 3, n. 3. We acknowledge that this statement is contrary to our holding in *Lemalu,* 72 Haw. 130, 809 P.2d 442, but for reasons discussed further in Section III.4, we believe the ICA was correct.

In *Lemalu,* this court held that the State was not precluded, on double jeopardy grounds, from re-prosecuting *both* methods of proof of DUI/OVUII, notwithstanding a "judgment of acquittal" on one method of proof. 72 Haw. at 139, 809 P.2d at 447. The defendant ("Lemalu") was charged with violating HRS § 291–4(a)(1) (impaired driving) (count I) and (a)(2) (blood alcohol content)(count II). 72 Haw. at 131–32, 809 P.2d at 443. A jury acquitted him of count I but convicted him of count II. 72 Haw. at 132, 809 P.2d at 443. This court remanded the case for retrial based on its determination that Lemalu was prejudiced by the use of certain jury instructions combined with multiple special verdict forms. *Id.* This court then considered whether its remand of the case raised double jeopardy concerns, in light of Lemalu's judgment of acquittal on count I.

72 Haw. at 139–40, 809 P.2d at 447. It stated that there was "no question" that Lemalu could be retried on count II. 72 Haw. at 139, 809 P.2d at 447. As to whether he could also be retried on count I, this court concluded that the jury's "judgment of acquittal" as to that count was, as in *Dow*, "in form only and not in substance"; therefore, it held, "It is thus constitutionally permissible for the State to retry Lemalu on the DUI offense, which includes count I as well as count II of the complaint." *Id.*

### 4. *State v. Mundon*

This court recently decided *Mundon*, 129 Hawai'i 1, 292 P.3d 205. In that case, we unanimously recognized the "collateral estoppel" principle embodied in the right against double jeopardy: "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." 129 Hawai'i at 14, 292 P.3d at 218. In adopting the collateral estoppel principle, we called into question *Lemalu* as "inconsistent with our holding that once an acquittal is based on a finding that the defendant did not commit certain acts, collateral estoppel prevents the prosecution from introducing evidence of those acts in a subsequent trial." 129 Hawai'i at 23, n. 34, 292 P.3d at 227, n. 34.

 We now expressly overrule *Lemalu* to the extent that it would permit re-prosecution of an HRS § 291E–61(a)(3) offense following the district court's factual finding that the State had not proven breath alcohol content in the initial prosecution. Determination of breath alcohol content under HRS § 291E–61(a)(3) involves "an issue of ultimate fact": under that method of proof, proof of breath alcohol content of .08 or more grams of alcohol per two hundred ten liters of breath alone is enough to support a conviction under HRS § 291E–61(a)(3), as that method of proof is one of absolute liability. See *Nesmith*, 127 Hawai'i at 50, 276 P.3d at 619.

 Although a district court's factual finding that the State did not prove breath alcohol content is not a "valid and final judgment" under HRPP Rule 29(a) as to the entire HRS § 291E–61 offense if other methods of proving the offense are contemporaneously tried, under *Mundon*, such a factual finding would serve to collaterally estop the State from re-litigating breath alcohol content in a subsequent OVUII trial. Specifically, collateral estoppel would preclude a retrial on the HRS § 291E–61(a)(3) method of proof, as well as bar introduction of evidence concerning Spearman's breath alcohol content at a retrial on the HRS § 291E–61(a)(1) method of proof. *Cf. State v. Mezurashi*, 77 Hawai'i 94, 96, 881 P.2d 1240, 1243 (1994)(holding that blood alcohol content can be used as evidence of impaired driving).

We also note that even before *Mundon*, we observed that "[t]he Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding." *State v. Kalaola*, 124 Hawai'i 43, 62, 237 P.3d 1109, 1128 (2010)(citing *Green v. United States*, 355 U.S. 184, 187, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957)). In short, at Spearman's first trial, the State failed to prove Spearman's breath alcohol content was at a level necessary to violate HRS § 291E–61(a)(3). The State cannot attempt to newly prove what Spearman's breath alcohol content was in a subsequent trial.

### IV. Conclusion

A prior "judgment of acquittal" on an HRS § 291E–61(a)(3) method of proof in an OVUII trial is "in form only," but it serves as a factual finding that the State has not met its burden of proving breath alcohol content. As such, the collateral estoppel principle embodied in the double jeopardy clause prohibits the State from re-litigating breath alcohol content, whether in a re-prosecution of the defendant on the HRS § 291E–61(a)(3) method of proof, or as part of the State's evidence in a subsequent trial on the HRS § 291E–61(a)(1) method of proof. The collateral estoppel principle alone, however, would not prohibit the State from re-charging the defendant on the HRS § 291E–61(a)(1) method of proof, following a dismissal without prejudice pursuant to *Nesmith*, 127 Ha-

wai'i 48, 276 P.3d 617. Consequently, we affirm the ICA's Judgment on Appeal.