*** FOR PUBLICATION IN WEST'S HAWAI‘I REPORTS AND PACIFIC REPORTER ***

**Electronically Filed
Supreme Court
SCWC-11-0000540
27-DEC-2013
11:39 AM**

IN THE SUPREME COURT OF THE STATE OF HAWAI‘I

---o0o---

STATE OF HAWAI‘I,
Petitioner/Plaintiff-Appellant,

vs.

MARIANNE L. CODIAMAT,
Respondent/Defendant-Appellee.

SCWC-11-0000540

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-11-0000540; CASE NO. 1P311-00173/REP. NO. 11008255)

DECEMBER 27, 2013

RECKTENWALD, C.J., NAKAYAMA, AND McKENNA, JJ.,
WITH ACOBA, J., DISSENTING, WITH WHOM POLLACK, J., JOINS

OPINION OF THE COURT BY NAKAYAMA, J.

Petitioner/Plaintiff-Appellant State of Hawai‘i (State)

asks us to consider whether its complaint against

Respondent/Defendant-Appellee Marianne L. Codiamat (Codiamat)

provided sufficient notice to Codiamat of the charged offense to

meet the constitutional requirements of due process. The State's complaint charged Codiamat with harassment, in violation of Hawaiʻi Revised Statutes (HRS) § 711-1106(1)(a) (Supp. 2010).[1] Before the commencement of trial, the District Court of the First Circuit (district court)[2] granted Codiamat's motion to dismiss the State's complaint on the ground that it left the defendant unsure of what offense was charged because it was pleaded in the disjunctive using the conjunction "or."

On application for writ of certiorari to this court, the State argues: (1) that the Intermediate Court of Appeals (ICA) erred in affirming the dismissal because the State did not charge non-synonymous alternative means disjunctively; (2) that the ICA's dismissal is inconsistent with Hawaiʻi precedent allowing some use of the disjunctive in charging documents; and (3) that Hawaiʻi precedent limiting the use of disjunctive charging should be overturned.

We hold that the complaint in this case met due process requirements, regardless of whether one concludes that the

---

[1] On the date of the alleged incident, as it does now, HRS § 711-1106(1)(a) defined harassment as follows:

> (1) A person commits the offense of harassment if, with intent to harass, annoy, or alarm any other person, that person:
> (a) Strikes, shoves, kicks, or otherwise touches another person in an offensive manner or subjects the other person to offensive physical contact[.]

[2] The Honorable Clarence A. Pacarro presided.

2

disjunctively charged acts were synonymous or non-synonymous.
Therefore, it is unnecessary for us to reach the question of
whether the acts charged disjunctively were synonymous.  The acts
charged disjunctively were contained within a single subsection
of a statute and were reasonably related so that the complaint
sufficiently apprised the defendant of the nature of the charged
acts and allowed the defendant to prepare a defense.

We vacate the judgment of the ICA affirming the
district court's notice of entry of judgment and/or order and
remand this case to the district court for further proceedings.

## I.  BACKGROUND

On January 24, 2011, the State charged Codiamat with
harassment in violation of HRS § 711-1106(1)(a).[3]  The complaint
stated:

> On or about the 6th day of January, 2011, in the City and
> County of Honolulu, State of Hawaii, MARIANNE L. CODIAMAT,
> with intent to harass, annoy, or alarm [Complainant], did
> strike, shove, kick, or otherwise touch [Complainant] in an

---

[3]      The Dissent asserts that the State conceded that "only the
'[s]trikes, shoves, kicks, or otherwise touches another person in an offensive
manner' portion of HRS § 711-1106(1)(a) will be tried in this case" and
therefore "the reference to 'subjects the other person to offensive physical
contact' in the charge . . . has no relevance at all for pleading, trial, or
appeal purposes."  Dissenting Opinion at 4 (emphasis in original).  In its
application for writ of certiorari, the State asserts that, "[it] is neither
alleging nor proving that [Codiamat] committed the same offense in two
entirely different ways, because the only act being charged here is an
offensive touching of another person."  However, the State's admission must be
read in the context of its continuing assertion that "the charge's words of
'touch[ing Complainant] in an offensive manner' are factually synonymous with
the words 'subject[ing Complainant] to offensive physical contact.'"
Although the State maintains that it is only charging the defendant with
committing a single act, this act's nature and breadth are unclear.

3

offensive manner <u>or</u> subject [Complainant] to offensive physical contact, thereby committing the offense of Harassment, in violation of Section 711-1106(1)(a) of the <u>Hawaii Revised Statutes</u>.

(Emphasis added).

On June 15, 2011, at a pretrial hearing, Codiamat orally moved to dismiss the complaint based on <u>State v. McCarthy</u>, No. 29701, 2010 WL 3433722 (App. Aug. 31, 2010) (mem. op.),[4] arguing that the disjunctive wording in the complaint made it difficult to prepare a defense.[5]  Over the State's objection, the district court granted Codiamat's motion and dismissed the complaint without prejudice.

On appeal to the ICA, the State argued that <u>McCarthy</u> only prohibits charging in the disjunctive when the acts, or the results of the acts, charged disjunctively are non-synonymous. It maintained that the acts described in Codiamat's complaint -- "strike, shove, kick, or otherwise touch in an offensive manner or subject to offensive physical contact" -- are simply multiple descriptions of "an offensive touching."  The State reasoned that the disjunctive charging did not deprive Codiamat of fair notice because the disjunctive was only used to link synonymous words.

In her answering brief, Codiamat argued that the

---

[4]     <u>See</u> <u>infra</u> Part III. A. 1 (discussing <u>McCarthy</u>).

[5]     Defense counsel stated that the State had recently filed amended complaints in the majority of its pending harassment cases to comply with <u>McCarthy</u> and that the State had not taken the opportunity to do so here.

4

reasoning in McCarthy applied here to prohibit disjunctive charging. Specifically, Codiamat argued that (1) strike, (2) shove, (3) kick, (4) otherwise touch in an offensive manner, and (5) subject to offensive physical contact each have a distinct meaning. Codiamat concluded that by charging these acts disjunctively, "[She] was not given proper notice of what she was actually being charged with doing."[6]

The ICA affirmed the district court's judgment, concluding that "[b]ecause the charge was pleaded in the disjunctive, it did not sufficiently apprise Codiamat of what she must be prepared to meet." See State v. Codiamat, No. CAAP-11-0000540, 2012 WL 3113898, at *1 (App. July 31, 2012) (SDO). The ICA first established that "touching another person in an offensive manner" is not synonymous with "subjecting the other person to offensive physical contact." Id. at *1-2. Relying upon its earlier holding in State v. Pesentheiner, 95 Hawaiʻi 290, 22 P.3d 86 (App. 2001), the ICA clarified that "'subject[ing] the other person to offensive physical contact'" has a separate meaning from offensive touching, namely, "'contact with an item physically appurtenant to the body.'" Id. at *2 (quoting Pesentheiner, 95 Hawaiʻi at 294-95, 22 P.3d at 90-91). The ICA then cited State v. Jendrusch, 58 Haw. 279, 567 P.2d 1242

---

[6] Codiamat also alleges that the complaint lacked sufficient details regarding the factual allegations of the alleged incident.

5

(1977), for the principal that "'[w]here a statute specifies several ways in which its violation may occur, the charge may be laid in the conjunctive but not in the disjunctive.'" Id. at *2-3 (quoting Jendrusch, 58 Haw. at 283 n.4, 567 P.2d at 1245 n.4). The ICA therefore concluded that the disjunctive phrasing in the complaint constituted a fatal defect and held that the district court did not err in dismissing the case without prejudice. Id. at *3.

Chief Judge Nakamura filed a concurring opinion in which he argued that the "Jendrusch rule[7] cannot withstand rational scrutiny." Id. at *4 (Nakamura, C.J., concurring). He contended that charging in the conjunctive provides no greater notice to the defendant than charging in the disjunctive, explaining that "[b]ecause the State can establish the harassment offense against Codiamat by proving either of the charged alternative means of committing the offense, charging her in the disjunctive clearly provided her with fair notice of the accusation and what she was required to meet." Id. at *4. Chief Judge Nakamura opined that he believed this court should re-examine and overturn its precedent limiting the use of

---

[7] The term "Jendrusch rule" was first used by Chief Judge Nakamura in this concurring opinion. He noted that "[a]lthough the Jendrusch footnote is arguably dicta, it has been cited with approval in other cases by the Hawaiʻi Supreme Court." Codiamat, 2012 WL 3113898, at *4 n.1 (Nakamura, C.J., concurring).

disjunctive pleading.  Id. at *5-6.

Codiamat timely filed an application for writ of certiorari on September 7, 2012.  This court accepted Codiamat's application on October 22, 2012, and oral argument was heard on November 29, 2012.

## II.  STANDARD OF REVIEW

### A.  Sufficiency of a Complaint

The issue of whether a complaint provides sufficient notice to a defendant is reviewed under the de novo, or right/wrong, standard.  State v. Merino, 81 Hawaiʻi 198, 212, 915 P.2d 672, 686 (1996).

## III.  DISCUSSION

### A.  The complaint was sufficient to meet the requirements of due process

Hawaiʻi takes a nontechnical approach to pleading standards.  The Sixth Amendment to the United States Constitution and article I, section 14 of the Hawaiʻi Constitution mandate that a "charge must be worded in a manner such that the nature and cause of the accusation could be understood by a person of common understanding."  State v. Sprattling, 99 Hawaiʻi 312, 318, 55 P.3d 276, 282 (2002) (internal quotation marks and alterations omitted) (quoting State v. Israel, 78 Hawaiʻi 66, 71, 890 P.2d 303, 308 (1995)).  The complaint must "inform[] the accused

'fully' of the nature and cause of the accusation against him or her, and sufficiently appris[e] the defendant of what he or she must be prepared to meet to defend against the charges." State v. Nesmith, 127 Hawaiʻi 48, 66, 276 P.3d 617, 635 (2012) (Acoba, J., concurring and dissenting).

    1.   Hawaiʻi precedent regarding disjunctive charging

Hawaiʻi courts have never enforced a strict rule against charging in the disjunctive. "The rule against disjunctive allegations has been modified and relaxed in Hawaii in cases of offenses which are 'constituted of one or more of several acts or which may be committed by one or more of several means or with one or more of several intents or which may produce one or more of several results.'" Territory v. Tamashiro, 37 Haw. 552, 553 (1947) (quoting Revised Laws of Hawaiʻi (RLH) § 10804 (1945)).

In Jendrusch, the first modern case in which this court addressed the issue of disjunctive charging, the defendant was charged with disorderly conduct in violation of HRS § 711-1101(1).[8]  58 Haw. at 280, 567 P.2d at 1243.  The complaint

---

    [8]    At the time of the alleged incident, HRS § 711-1101 (Supp. 1974) provided in pertinent part:

        "(1) A person commits the offense of disorderly conduct if, with intent to cause physical inconvenience or alarm by a member or members of the public, or recklessly creating a

        (continued...)

charged the defendant disjunctively with violating subsection (1)(b) <u>or</u> subsection (1)(c) of the statute.[9]  <u>Jendrusch</u>, 58 Haw. at 280, 567 P.2d at 1243-44.  The court held that the complaint was insufficient on other grounds.[10]  <u>Id.</u> at 282, 567 P.2d at 1245.  But, in dicta, the court stated:

> The type of conduct proscribed by subsection (1)(b) is not factually synonymous with that proscribed by subsection (1)(c).  In charging the defendant in the disjunctive rather than in the conjunctive, it left the defendant uncertain as to which of the acts charged was being relied upon as the basis for the accusation against him.  Where a statute specifies several ways in which its violation may occur, the

---

[8](...continued)
> risk thereof, he:
>
> . . . .
>
> > (b) Makes unreasonable noise; or
> > (c) Makes any offensively coarse utterance, gesture, or display, or addresses abusive language to any person present, which is likely to provoke a violent response[.]"

<u>Jendrusch</u>, 58 Haw. at 280, 567 P.2d at 1243 (emphasis omitted) (quoting HRS § 711-1101).

[9]  The complaint read:

> You [Jendrusch] are hereby charged that in the City and County of Honolulu, State of Hawaii, on or about the 14th day of September, 1974, with intent to cause public inconvenience, annoyance or alarm by members of the public or recklessly creating a risk thereof, you did make unreasonable noise or offensively coarse utterance, gesture or display or address abusive language to any person present, thereby committing the offense of Disorderly Conduct . . . .

Id. at 280, 567 P.2d at 1243-44 (emphasis omitted; brackets in original).

[10]  The court held that the complaint failed to charge an offense because it was drawn from an outdated version of the statute and did not account for subsequent amendments.  <u>Jendrusch</u>, 58 Haw. at 283, 567 P.2d at 1245.

> charge may be laid in the conjunctive but not in the
> disjunctive.

Id. at 283 n.4, 567 P.2d at 1245 n.4 (citing Territory v. Lii, 39
Haw. 574 (1952)).

Later cases clarified permissible means of charging a
defendant in the alternative.  In an indictment for an offense
that may be committed by a variety of acts, two or more of those
acts may be charged in multiple counts or conjunctively in one
count.  See State v. Lemalu, 72 Haw. 130, 134, 809 P.2d 442, 444
(1991) (approving of charging in several counts); see also Lii,
39 Haw. at 578-79 (approving of charging conjunctively in one
count).  However, the preferred method for charging an offense
that may be committed in more than one way is to charge in the
conjunctive/disjunctive -- alleging that the defendant committed
the offense in one way and/or in another way.  State v. Batson,
73 Haw. 236, 250, 831 P.2d 924, 932 (1992) (citing State v.
Cabral, 8 Haw. App. 506, 510, 810 P.2d 672, 675 (1991)).

These later cases extrapolated a rule from Jendrusch:
"[W]here a statute proscribes an offense that can be committed by
factually alternative types of conduct, 'the charge may be laid
[out] in the conjunctive but not in the disjunctive.'"  Batson,
73 Haw. at 249-50, 831 P.2d at 932 (first brackets added, second
brackets in original) (quoting Lemalu, 72 Haw. at 134, 809 P.2d

10

at 444); accord Jendrusch, 58 Haw. at 283 n.4, 567 P.2d at 1245 n.4. Though this court quoted the Jendrusch rule in Batson and Lemalu, we have never relied upon the rule in reaching the holding of a case.

The ICA previously construed the Jendrusch rule narrowly, to forbid disjunctive charging only where a defendant is charged with committing an offense under multiple sections of a statute. See State v. Freitas, No. 28430, 2010 WL 2862051, at *3 (App. July 22, 2010) (SDO) ("Jendrusch is inapposite because [defendant] was not charged with engaging in conduct proscribed by different sections of [the statute] . . . ."). The ICA's decision in McCarthy represented a departure from its earlier interpretation of the Jendrusch rule.

McCarthy was convicted of harassment in violation of HRS § 711-1106(1)(b).[11] McCarthy, 2010 WL 3433722, at *1. On appeal, McCarthy alleged that the trial court erred in denying

---

[11] HRS § 711-1106(1)(b) (Supp. 2005) provided then, as it does now:

(1) A person commits the offense of harassment if, with intent to harass, annoy, or alarm another person, that person:
. . . .
    (b) Insults, taunts, or challenges another person in a manner likely to provoke an immediate violent response or that would cause the other person to reasonably believe that the actor intends to cause bodily injury to the recipient or another, or damage to the property of the recipient or another[.]

11

his motion to dismiss the complaint for lack of specificity.  Id.
at *1-2.  McCarthy's complaint read:

> On or about the 4th day of October, 2006, in the City and
> County of Honolulu, State of Hawaii, KIRK MCCARTHY, with
> intent to harass, annoy, or alarm SCOTT AKAU, did insult,
> taunt, or challenge SCOTT AKAU in a manner likely to provoke
> an immediate violent response or that would cause SCOTT AKAU
> to reasonably believe that KIRK MCCARTHY intended to cause
> bodily injury to him or another or damage to the property of
> SCOTT AKAU or another . . . .

Id. at *1 (emphasis added).  Relying upon the Jendrusch rule and
federal pleading standards, the ICA held that "[t]he complaint is
insufficient because it charges the results of the conduct in the
disjunctive ('or'), rather than in the conjunctive ('and')."  Id.
at *2 (emphasis added).  The court noted that by charging two
non-synonymous results disjunctively -- provoking a violent
response or causing fear of injury -- the defendant was left
uncertain as to which acts were alleged.  Id. at *3.  The court
also recommended using the conjunctive/disjunctive ("and/or")
construction established in Batson.[12]  Id. at *4.

_____

[12]    Based on the ICA's use of capital letters to emphasize certain
uses of "or," it appears that the ICA recommended amending the complaint to
read:

> On or about the 4th day of October, 2006, in the City and
> County of Honolulu, State of Hawaii, KIRK MCCARTHY, with
> intent to harass, annoy, or alarm SCOTT AKAU, did insult,
> taunt, or challenge SCOTT AKAU in a manner likely to provoke
> an immediate violent response [and/]or that would cause
> SCOTT AKAU to reasonably believe that KIRK MCCARTHY intended
> to cause bodily injury to him [and/]or another [and/]or
> damage to the property of SCOTT AKAU [and/]or
> another . . . .

(continued...)

12

Despite the ICA's apparent assertion that disjunctive charging of non-synonymous acts violates due process, the court itself was doubtful of this conclusion.  In the final footnote of McCarthy, the ICA stated: "The case law notwithstanding, it is not clear to us that phrasing the charge in the conjunctive provides any additional notice over a charge phrased in the disjunctive."  Id. at *4 n.4.

2.   Applying Hawaiʻi precedent to the complaint here

The ICA relied upon Jendrusch to conclude that because the complaint against Codiamat charged two forms of non-synonymous conduct disjunctively, the charge did not provide the defendant with adequate notice.  See Codiamat, 2012 WL 3113898, at *1-2.  As discussed above, the Jendrusch rule suggests that complaints charging non-synonymous acts disjunctively may not provide adequate notice.  However, a closer examination of Jendrusch demonstrates that not all uses of the disjunctive, even when joining non-synonymous acts, constitute a fatal flaw.

---

¹²(...continued)
McCarthy, 2010 WL 3433722, at *1-3.  But, the ICA also criticized the "[u]se of the disjunctive to combine multiple forms of conduct."  Id. at *3 (emphasis added).  It is therefore unclear why the ICA did not, or if it perhaps did, recommend charging the conduct in the conjunctive/disjunctive as well: insult, taunt, and/or challenge.

13

Jendrusch involved a charge of disorderly conduct under HRS § 711-1101(1), subsections (b) and (c).[13]  Jendrusch, 58 Haw. at 280, 567 P.2d at 1243.  The disorderly conduct codified in subsection (b) is: "unreasonable noise."  HRS § 711-1101(1)(b).  The disorderly conduct codified in subsection (c) is, generally, rude conduct: "offensively coarse utterance[s], gesture[s], or display[s], or . . . abusive language . . . likely to provoke a violent response."  HRS § 711-1101(1)(c).  Notably, the acts of subsection (c) were charged disjunctively as they appear in the statute -- "mak[ing] offensively coarse utterance, gesture, or display, or address[ing] abusive language to any person present." Jendrusch, 58 Haw. at 280, 567 P.2d at 1243-44 (emphasis added). The Jendrusch court expressed no concern as to charging these non-synonymous acts disjunctively.  The court stated only that charging subsection (b) and subsection (c) disjunctively deprived the defendant of notice.[14]  Id. at 283, 567 P.2d at 1245.

In this case, the State charged Codiamat under a single subsection of the harassment statute, HRS § 711-1106(1)(a).  The ICA construed the language of HRS § 711-1106(1)(a) as

---

[13]    See supra note 10.

[14]    From the text of Jendrusch, it is unclear if the use of the disjunctive was impermissible because it joined acts from two different subsections of the statute, or if it was impermissible because it joined two different categories of behavior.

constituting two distinct forms of conduct: direct offensive touching and indirect offensive contact. But, whether Codiamat was charged with direct offensive touching or indirect offensive contact is relatively inconsequential because the actions are closely related, falling within the same category of behavior. Because Codiamat was charged with violating only one subsection of the statute, codifying a single category of harassing behavior, the complaint does not violate the Jendrusch rule.

**B.   Hawaii's disjunctive charging rule strikes the appropriate balance between ease of administration and protection of defendants' rights**

The State argues that Hawaiʻi precedent limiting the use of disjunctive in charging documents should be reexamined and overturned. The State adopts Chief Judge Nakamura's reasoning from his concurring opinion and argues for "a reasonable approach." The State's argument relies upon the principle that Hawaii's courts "interpret a charge as a whole, employing practical considerations and common sense." Sprattling, 99 Hawaiʻi at 318, 55 P.3d at 282.

The State encourages us to adopt Alaska's approach for determining the sufficiency of a charge. In Christian v. State, 513 P.2d 664 (Alaska 1973), the Alaska Supreme Court determined that a complaint provided sufficient notice when it charged the

15

defendant with "mak[ing] false statements, conceal[ing] material facts <u>or</u> otherwise commit[ting] fraud in application for registration of a vehicle."  513 P.2d at 667 (emphasis added).  The <u>Christian</u> court explained that "under modern principles of criminal procedure an indictment should not be construed hypertechnically in an effort to find fatal flaws when, by a reasonable approach, it can be read as fulfilling the basic criteria of sufficiency."  <u>Id.</u>  It reasoned that the charge provided fair notice to the defendant where it "named the defendant, gave the date and place of the offense, stated the essential elements of the offense, cited the precise number of the certificate of title, and named several methods by which the offense was perpetrated."  <u>Id.</u>

Codiamat disagrees, arguing that disjunctive pleading does not provide adequate notice to the defendant.  She claims that the disjunctively worded complaint left her unsure of how to prepare a defense.[15]  Codiamat takes issue with Chief Judge

---

[15]    In its reply to Codiamat's response, the State contends that the procedural history of the case demonstrates that Codiamat was not hindered in preparing her defense.  The State notes that at the first trial setting for this case, Codiamat "objected to the State's request for a continuance ostensibly because she was ready to proceed to trial."  This theorizing is irrelevant.  The standard for evaluating the sufficiency of a complaint challenged before trial is "whether the nature and cause of the accusation could be understood by <u>a person of common understanding</u>," not whether <u>the defendant</u> understood the accusation.  <u>Sprattling</u>, 99 Hawaiʻi at 318, 55 P.3d at 282 (brackets omitted; emphasis added).

Nakamura's conclusion that charging in the conjunctive is misleading because it suggests that the State must prove both means charged while in actuality proof of either means will suffice. Codiamat maintains that charging in the conjunctive provides notice to the defendant that he or she is accused of committing the offense by each means charged. At oral argument, Codiamat also suggested that the most important aspect of notice is informing the defendant of the nature of the charge, and that informing the defendant of what is necessary to prepare a defense is secondary.

We disagree with Codiamat's weighing of the dual purposes of notice. It is equally important that the defendant first, understand the acts with which he or she is charged and second, be provided with sufficient information to prepare a defense. We agree, in part, with Chief Judge Nakamura: the use of the disjunctive may be appropriate when it provides notice to the defendant that the State may attempt to prove guilt by showing that the defendant committed any one of multiple related acts. This alerts the defendant that he or she must be prepared to defend against each of the charged alternatives. However, the disjunctive may not provide adequate notice to the defendant when used to join charges of violations of multiple sections or subsections of a statute. In these instances, the use of the

17

disjunctive may confuse the defendant as to the number of disparate acts with which he or she is charged.  This conclusion is supported by our precedent.

As discussed above, the disjunctive charging rule in Hawaiʻi has evolved over time.  The earliest Hawaiʻi precedent provided that analogous terms, or terms used merely for illustrative purposes, could be charged disjunctively, but that all other uses of the disjunctive were impermissible.  Kim Ung Pil, 26 Haw. at 726.  By 1947, the rule came to allow some disjunctive charging of acts, means, intents, and results.  See Tamashiro, 37 Haw. at 553.  If dicta from Jendrusch is interpreted as precedent, then charges brought under separate sections or subsections of a statute may not be worded disjunctively.  Jendrusch, 58 Haw. at 283 n.4, 567 P.2d at 1245 n.4.  However, states of mind may be charged disjunctively.  See, e.g., Batson, 73 Haw. at 248, 831 P.2d at 931 (charging defendant "intentionally or knowingly"); Jendrusch, 58 Haw. at 280, 567 P.2d at 1243 (charging defendant with "intent to cause public inconvenience, annoyance or alarm by members of the public or recklessly creating a risk thereof").  Furthermore, acts may be charged disjunctively when the words used charge similar or analogous forms of conduct that are codified in a single subsection of a statute.  See, e.g., Nesmith, 127 Hawaiʻi at 51,

18

276 P.3d at 620 (charging defendant with "operat[ing] or assum[ing] actual physical control of a vehicle upon a public way, street, road, or highway while under the influence of alcohol"); Jendrusch, 58 Haw. at 280, 567 P.2d at 1243-44 (charging defendant with "mak[ing] offensively coarse utterance, gesture, or display, or address[ing] abusive language to any person present").

These principles strike a balance between a more common sense, less technical, approach to charging while still protecting defendants' rights to notice and due process.

## IV. CONCLUSION

We hold that when charging a defendant under a single subsection of a statute, the charge may be worded disjunctively in the language of the statute as long as the acts charged are reasonably related so that the charge provides sufficient notice to the defendant.[16]  We therefore vacate the ICA's August 30,

---

[16]    This holding does not disturb our earlier precedent that when charging an offense that may be committed in more than one way, the State may charge in separate counts, in the conjunctive, or, preferably, in the conjunctive/disjunctive.  See Batson, 73 Haw. at 250, 831 P.2d at 932; Lemalu, 72 Haw. at 134, 809 P.2d at 444; Lii, 39 Haw. at 578-79.  Furthermore, while the State may charge in the alternative, the State may not charge a defendant with any offense, or any alternative, that is not supported by probable cause. See Hawaiʻi Rules of Professional Conduct (HRPC) Rule 3.8(a) (1994) ("A public prosecutor or other government lawyer shall . . . not institute or cause to be instituted criminal charges when [the prosecutor or government lawyer] knows or it is obvious that the charges are not supported by probable cause . . . ." (brackets in original))

2012 judgment affirming the district court's June 15, 2011 notice of entry of judgment and/or order and remand to the district court for further proceedings.

| | |
|---|---|
| Brandon H. Ito<br>for petitioner | /s/ Mark E. Recktenwald |
| | /s/ Paula A. Nakayama |
| James S. Tabe<br>and Craig W. Jerome<br>for respondent | /s/ Sabrina S. McKenna |

