***NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER***

Electronically Filed
Supreme Court
SCWC-14-0000606
21-JAN-2016
08:40 AM

SCWC-14-0000606

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

_____

STATE OF HAWAIʻI,
Respondent/Plaintiff-Appellee,

vs.

ALAN S. TERASAKO,
Petitioner/Defendant-Appellant.

_____

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-14-0000606; CASE NO. 1DTA-13-03174)

SUMMARY DISPOSITION ORDER
(By: McKenna, Pollack, and Wilson, JJ.,
with Wilson, J., concurring separately,
and Nakayama, J., dissenting separately,
with whom Recktenwald, C.J., joins)

Petitioner/Defendant-Appellant Alan S. Terasako seeks

review of the Intermediate Court of Appeals' (ICA) July 7, 2015

Judgment on Appeal, entered pursuant to its May 29, 2015 Summary

Disposition Order, which affirmed the District Court of the

First Circuit's (district court) February 25, 2014 Notice of

Entry of Judgment and/or Order and Plea/Judgment (district court

judgment).[1]  The district court found Terasako guilty of Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawai'i Revised Statutes (HRS) § 291E-61(a)(4) (Supp. 2010).[2]  We accepted Terasako's Application for Writ of Certiorari, and we now vacate the ICA's Judgment on Appeal and the district court judgment and remand the case to the district court for further proceedings.

After being arrested for OVUII, Terasako was taken to the police station, where he was read an implied consent form.[3]

---

[1]     The Honorable Paul B.K. Wong presided.

[2]     HRS § 291E-61(a)(4) (Supp. 2010) provides in relevant part:

(a)   A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

. . .

(4)   With .08 or more grams of alcohol per one hundred milliliters or cubic centimeters of blood.

The district court also concluded that there was insufficient evidence to establish a violation of HRS § 291E-61(a)(1) and that Terasako was "not guilty of violating 291E-61(a)(1)."  Consequently, Terasako may not be re-prosecuted under HRS § 291E-61(a)(1).  See State v. Spearman, 129 Hawai'i 146, 151, 296 P.3d 359, 364 (2013).

[3]     The form read in relevant part:

1. ___   Any person who operates a vehicle upon a public way, street, road, or highway or on or in the waters of the State shall be deemed to have given consent to a test or tests for the purpose of determining alcohol concentration or drug content of the persons [sic] breath, blood or urine as applicable.

(continued . . .)

Terasako elected to take a breath test, but it was later discovered that he was unable to provide a sufficient amount of breath sample.  He was read again the implied consent form and subsequently chose to give a blood sample.  The result of Terasako's blood test yielded 0.12 grams ethanol per 100 cubic centimeters of whole blood.  At trial, Terasako objected to the admission of the blood test results, contending, inter alia, that the portion of the implied consent form that apprised him of the criminal refusal penalties was contrary to his Fourth Amendment right to withdraw his consent to a warrantless search.  On certiorari, Terasako contends that the district court erred in admitting his blood alcohol test results into evidence in violation of his Fourth and Fifth Amendment rights.

In State v. Won, 136 Hawai'i 292, 312, 361 P.3d 1195, 1215 (2015), we held that "coercion engendered by the Implied

---

(. . . continued)

2. ___  You are not entitled to an attorney before you submit to any tests [sic] or tests to determine your alcohol and/or drug content.

3. ___  You may refuse to submit to a breath or blood test, or both for the purpose of determining alcohol concentration and/or blood or urine test, or both for the purpose of determining drug content, none shall be given [sic], except as provided in section 291E-21.  However, if you refuse to submit to a breath, blood, or urine test, you shall be subject to up to thirty days imprisonment and/or fine up to $1,000 or the sanctions of 291E-65, if applicable.  In addition, you shall also be subject to the procedures and sanctions under chapter 291E, part III.

Consent Form runs afoul of the constitutional mandate that waiver of a constitutional right may only be the result of a free and unconstrained choice," and, thus, a defendant's decision to submit to testing after being read the implied consent form "is invalid as a waiver of his right not to be searched."  In accordance with State v. Won, the result of Terasako's blood test was the product of a warrantless search, and the ICA erred by concluding that the district court properly denied Terasako's motion to suppress the blood test result. Accordingly, Terasako's OVUII conviction may not be upheld.

IT IS HEREBY ORDERED that the ICA's July 7, 2015 Judgment on Appeal and the district court judgment are vacated, and the case is remanded to the district court for proceedings consistent with this court's opinion in State v. Won.

DATED:  Honolulu, Hawai'i, January 21, 2016.

Daniel Kawamoto
for petitioner

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

James M. Anderson
for respondent

/s/ Michael D. Wilson

