STATE OF HAWAII, Plaintiff–Appellant, v. LARRY JOSEPH WACKER, Defendant–Appellee

NO. 13257

(CR. NO. 87–1193)

MARCH 15, 1989

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal by the State from an order dismissing a charge for driving under the influence, under HRS § 291–4(a)(2).

In this case, appellee was charged under both HRS § 291–4(a)(1) and 291–4(a)(2). The two charges were tried together as required under HRS § 701–109(2). At the trial, appellee was acquitted of the offense under subsection (a)(1), but the jury was unable to reach a verdict on the charge under subsection (a)(2).

The court below believed that, under HRS § 701–111(1), it was required to dismiss the charge under HRS § 291–4(a)(2), rather than conduct a retrial. We reverse.

HRS § 701–109(2) provides:

Except as provided in subsection (3) of this section, a defendant shall not be subject to separate trials for multiple

offenses based on the same conduct or arising from the same episode, if such offenses are known to the appropriate prosecuting officer at the time of the commencement of the first trial and are within the jurisdiction of a single court.

But for the section just quoted, appellee could have been tried separately on the offenses under HRS § 291–4(a)(1) and –4(a)(2). In that event a mistrial, resulting from the lack of agreement by the jury in either trial, would have resulted in a new trial.

The construction placed by the court below, on HRS § 701–111(1), leads to an untenable result, which frustrates the purpose of HRS § 701–109(2).

HRS § 701–111 obviously was intended to deal with a new prosecution, commenced after a termination of a prior prosecution, and terminated as defined in that section. It was not intended to deal with a situation where there were multiple counts, under different statutes, in an original prosecution, which were tried together as required by statute, resulting in an acquittal on some of the counts, and a mistrial on others.

Appellee also raises a constitutional contention of double jeopardy. However, we follow *State v. Arakaki*, 7 Haw. App. ___, 744 P.2d 783 (1987), and find no double jeopardy in this case.

Reversed and remanded for further proceedings consistent herewith.

*Lila B. LeDuc*, Deputy Prosecuting Attorney, on the brief for appellant.

*R. Steven Geshell*, on the brief for appellee.