**STATE OF HAWAII**, Petitioner–Appellee, v. **DWIGHT DOW**, Respondent–Appellant

NO. 13610

(CR. NO. 87–0096)

FEBRUARY 13, 1991

LUM, C.J., PADGETT, HAYASHI, WAKATSUKI, AND MOON, JJ.

OPINION OF THE COURT BY MOON, J.

We granted certiorari to review a decision of the Intermediate Court of Appeals (ICA) reversing the judgment of conviction of defendant Dwight Dow (Dow) for driving under the influence of intoxicating liquor (DUI). The issue before us is whether the constitutional principle of double jeopardy bars the retrial of a defendant who had been charged with two counts of DUI pursuant to subsections (a)(1) and (a)(2) of Hawaii Revised Statutes (HRS) § 291–4 but was "acquitted" of one of the counts. We find that under such circumstances there is no double jeopardy bar, and we reverse the ICA's decision.

## I.

Dow was charged with DUI under HRS §291–4(a)(1) (driving under the influence) (count I) and § 291–4(a)(2) (driving with a blood alcohol level of 0.10 percent or more) (count II) and tried before a jury. After the State rested, Dow moved for judgment of acquittal under Rule 29(a) of the Hawaii Rules of Penal Procedure (HRPP). The trial court granted the motion as to count I only, entered a "judgment of acquittal," and submitted the (a)(2) count to the jury. The jury was unable to reach a verdict on count II, and the court declared a mistrial. A second trial was scheduled on count II, and Dow filed a motion to dismiss on the ground of double jeopardy. The trial court denied the motion and trial commenced. The jury found Dow guilty of count II. After entry of the judgment of conviction, Dow appealed.

The ICA reversed, finding that since the trial court "acquitted" Dow under HRS § 291–4(a)(1) in the first trial, the second trial placed him twice in jeopardy for the same offense and thus violated the double jeopardy clauses of both the United States and Hawaii Constitutions.[1] *State v. Dow*, No. 13610 (Haw. App. Oct. 3, 1990). We granted the State's application for writ of certiorari.

## II.

The constitutional guarantee against double jeopardy "protects against a second prosecution for the same offense after acquittal." *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). The Double Jeopardy Clause applies to all acquittals, whether "by

---

[1] The Double Jeopardy Clause of the fifth amendment to the United States Constitution provides in relevant part, "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb." Article I, section 10 of the Hawaii Constitution provides, "nor shall any person be subject for the same offense to be twice put in jeopardy."

jury verdict or by a direction of the court, either after the prosecution has completed its case or after all evidence is in." *United States v. Bernhardt*, 840 F.2d 1441, 1447 (9th Cir.), *cert. denied*, 488 U.S. 954 (1988). In this case, if Dow were truly acquitted by the trial court during his first trial, a second trial would be prohibited. However, we find that Dow's acquittal was in form only; therefore the second trial, which led to his conviction, was constitutionally permissible.

## III.

The DUI statute, HRS § 291–4(a) (1985), provides as follows:

A person commits the offense of driving under the influence of intoxicating liquor if:

(1) The person operates or assumes actual physical control of the operation of any vehicle while under the influence of intoxicating liquor; or

(2) The person operates or assumes actual physical control of the operation of any vehicle with 0.10 per cent or more, by weight of alcohol in the person's blood.

Previously, this court in *State v. Wacker*, 70 Haw. 332, 770 P.2d 420 (1989), treated subsection (a)(1) and (a)(2) of the DUI statute as two separate offenses. Wacker was charged under both HRS § 291–4(a)(1) and –4(a)(2). Pursuant to HRS § 701–109(2),[2] both charges were tried together. At trial, Wacker was acquitted of the (a)(1) count, however, the jury was unable to

---

[2] HRS § 701–109(2) (1985) provides:

(2) Except as provided in subsection (3) of this section, a defendant shall not be subject to separate trials for multiple offenses based on the same conduct or arising from the same episode, if such offenses are known to the appropriate prosecuting officer at the time of the commencement of the first trial and are within the jurisdiction of a single court.

reach a verdict as to the (a)(2) count. Subsequently, the trial court dismissed the (a)(2) count based upon its belief that it was required to do so under HRS § 701–111(1).[3] The *Wacker* court concluded that "[t]he construction placed by the court below, on HRS § 701–111(1), leads to an untenable result, which frustrates the purpose of HRS § 701–109(2)." 70 Haw. at 333, 770 P.2d at 421. The *Wacker* court further stated, "[b]ut for [HRS § 701–109(2)], [Wacker] could have been tried separately on the *offenses* under HRS § 291–4(a)(1) and –4(a)(2)." *Id.* (emphasis added). Following the rationale in *State v. Arakaki*, 7 Haw. App. 48, 744 P.2d 783 (1987),[4] this court concluded that double jeopardy did not bar a

---

[3] HRS § 701–111(1) (1985) provides in pertinent part:
    Although a prosecution is for a violation of a different statutory provision or is based on different facts, it is barred by a former prosecution under any of the following circumstances:
    (1)   The former prosecution resulted in an acquittal which has not subsequently been set aside[.]

[4] Defendant Arakaki was found guilty of operating a motor vehicle not insured under a no–fault policy and DUI. With respect to the DUI offense, Arakaki contended and the State conceded on appeal, that "insufficient foundation was laid for the admission of the intoxilyzer test result and the evidence was improperly admitted." 7 Haw. App. at 55, 744 P.2d at 787. The question that remained was whether the case should be remanded for retrial.

At the original trial, the court specifically found Arakaki guilty of the DUI offense pursuant to subsection (a)(2), however, was silent regarding the (a)(1) charge. On appeal, the State requested that the case be remanded for a determination of Arakaki's guilt under the (a)(1) charge. Arakaki contended that such a remand would place him twice in jeopardy for the same offense. Keeping in mind that the ICA treated the (a)(1) and (a)(2) charges as separate offenses, it held that "the trial judge, the trier of fact, had full opportunity to render his decision on the HRS § 291–4(a)(1) charge." 7 Haw. App. at 56, 744 P.2d at 788. Having failed to do so, the ICA concluded that Arakaki could not be retried on the (a)(1) charge insofar as his "jeopardy for that offense came to an end at the conclusion of the bench trial." *Id.* The case, however, was remanded for retrial on the (a)(2) count

retrial of the (a)(2) count and remanded the case for further proceedings.

More recently, this court has held that the DUI statute provides two alternative means of proving a single offense. *State v. Grindles*, 70 Haw. 528, 531, 777 P.2d 1187, 1190 (1989). In *Grindles*, defendant was charged with violating HRS § 291–4(a). At a bench trial, after the State's direct examination of the arresting officer, the court announced that it would bifurcate the hearing and take all testimony supporting the (a)(1) charge first. If the State made a case under that subsection, the court said it would not take evidence supporting the (a)(2) charge. The trial court found defendant guilty of violating HRS § 291–4(a)(1), and the case was concluded without further evidence regarding the (a)(2) charge.

On appeal of *Grindles*, this court, in a footnote, declined to adopt the "dictum" from *Wacker* which indicated that HRS § 291–4(a)(1) and –4(a)(2) are separate offenses. Following our pronouncement in *Grindles*, the statutory analysis employed in *Wacker* is no longer applicable. Therefore, to the extent that our opinion today is inconsistent with *Wacker*, we overrule the latter. We also overrule *Arakaki* to the extent that its analysis assumed that the separate counts under (a)(1) and (a)(2) represented two separate offenses.

In *Grindles*, this court found that the bifurcation of the two methods of proof provided in § 291–4(a) into separate trials violated defendant's due process right to a fair trial. In another footnote, this court commented:

> We also note that bifurcation of a DUI trial into two
> separate hearings under HRS § 291–4(a)(1) and –4(a)(2)

---

based on the ICA's holding that "the trial court's admission of the intoxilyzer test result into evidence was a trial error. The Double Jeopardy Clause does not preclude the State from retrying [Arakaki] whose DUI is being set aside because of a trial error." 7 Haw. App. at 59, 744 P.2d at 789 (citation omitted).

may subject the defendant to double jeopardy. In this case, jeopardy attached when the court began to hear the State's evidence. Appellant was not subjected to double jeopardy, however, since the trial court adjudicated him guilty at the conclusion of the State's proof under § 291–4(a)(1), and did not proceed to hold a second hearing under § 291–4(a)(2). *However, in the event the defendant is acquitted under § 291–4(a)(1) and the court allows the State to proceed under § 291–4(a)(2), the defendant will have been twice placed in jeopardy for the same offense in violation of article I, section 10 of the Hawaii Constitution and the eighth [fifth] amendment to the U.S. Constitution.*

70 Haw. at 533 n.3, 777 P.2d at 1191 n.3 (emphasis added). The ICA adopted this dictum from *Grindles* when it reversed Dow's conviction in the present case.[5] In doing so, however, the ICA overlooked the procedural context in which *Grindles* was decided and misplaced its reliance on the footnote in question.

This court in *Grindles* specifically disapproved of the bifurcation of the two methods of proof allowed by the DUI statute. While the trial court in *Grindles* erroneously bifurcated the DUI offense, defendant was not subjected to double jeopardy since the trial court adjudicated him guilty of the (a)(1) charge, thus negating a second hearing on the (a)(2) count. However, we predicted what the consequences of that error could have been: subjecting the defendant to double jeopardy if, after acquittal of one DUI count, there was a second trial on the other DUI count. The thrust of our decision in

---

[5] It is important to keep in mind that the trial court in *Dow* entered the acquittal on count I in June 1987. In August 1987, the ICA was treating two counts under the DUI statute as two offenses (*State v. Arakaki*, 7 Haw. App. 48, 744 P.2d 783 (1987)), as was this court as late as March 1989 (*State v. Wacker*, 70 Haw. 332, 770 P.2d 420 (1989)). *Grindles* was not decided until July 1989.

*Grindles* is that there should never be bifurcation, in any form, of the single offense of DUI. As this court held, DUI is one offense that must be tried at one time. Therefore, a trial court should not "acquit" a defendant of part of a DUI offense.

This conclusion is buttressed by HRPP 29(a), which provides:

Motions for directed verdict are abolished and motions for judgment of acquittal shall be used in their place. The court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal *of one or more offenses* alleged in the charge after the evidence on either side is closed if the evidence is insufficient to sustain a conviction *of such offense or offenses.* If a defendant's motion for judgment of acquittal at the close of the evidence offered by the prosecution is not granted, the defendant may offer evidence without having reserved the right.

(Emphasis added.) Although Dow urges that the trial court's action operated as an acquittal of the entire offense of DUI, thus barring a second trial following the mistrial on the (a)(2) count, the rule makes clear that the court may not acquit a defendant of less than the entire offense of DUI. We find, therefore, that the trial court erred in entering a judgment of acquittal.

Further, it is obvious from the record that the trial court did not intend to dismiss the entire offense since the case was submitted to the jury to consider the second method of proof. We find that the trial court did not acquit the defendant of anything. Instead, we conclude that the trial court made a factual finding, equivalent to a jury's special verdict.

Dow, however, focuses on the fact that the trial court entered a *"judgment* of acquittal" instead of a finding of not guilty. Since only one judgment may be entered under HRS § 291–4(a), Dow submits that retrial is impermissible.

To reach the same conclusion as the defense in this case would require us to interpret the judgment of acquittal in a hypertechnical manner, elevating form over substance. The United States Supreme Court has emphasized on several occasions that "what constitutes an 'acquittal' is not to be controlled by the form of the judge's action." *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 571 (1977) (citations omitted).

*Martin Linen* involved criminal contempt charges against defendant corporations. After the federal district court discharged a deadlocked jury, it granted defendants' motion and entered judgments of acquittal under Federal Rule of Criminal Procedure 29(c).[6] The district court granted the motion on the ground that the Government had failed to prove facts constituting criminal contempt, and commented that the case was the weakest the court had ever seen. 430 U.S. at 571–72. The Government appealed the acquittals to the Fifth Circuit Court of Appeals.

At issue on appeal was whether the trial court's acquittals on the basis of insufficiency of the evidence triggered double jeopardy protection when there were no verdicts of acquittal formally returned by the jury. The Court of Appeals answered in the affirmative and dismissed the appeal.

The United States Supreme Court, on appeal, affirmed specifically stating that "it is plain that the District Court in this case evaluated the Government's evidence and determined that it was legally insufficient to sustain a conviction." 430 U.S. at 572. The Supreme Court concluded that the judgments of acquittal entered by the district court "were 'acquittals' in substance as well as form." 430 U.S. at 571–72.

Moreover, the Supreme Court emphasized that "valid judgments of acquittal were entered on the express authority of, and strictly in compliance with Rule 29(c)." 430 U.S. at 570. In

---

[6] HRPP 29 tracks the language of the federal rule.

contrast, as we have explained above, the trial court in *Dow* did not have the authority under HRPP 29(a) to enter a judgment of acquittal as to less than the entire offense of DUI, and the judgment thus was not strictly in compliance with the rule. On this basis alone, Dow's judgment of acquittal was not valid.

Of even greater importance is that in *Martin Linen*, the Supreme Court did not rely merely on the fact that *judgments* of acquittal had been entered as dispositive of whether double jeopardy was implicated; the Court looked beyond the judgments to determine their constitutional significance. 430 U.S. at 570–71. We are likewise compelled to examine the circumstances of the judgment in this case to decide whether the principle of double jeopardy proscribed further prosecution.

In deciding *Martin Linen*, the Supreme Court enunciated the test under which a defendant is deemed acquitted. A defendant is acquitted only when "the ruling of the judge, whatever its label, actually represents a resolution [in defendant's favor], correct or not, of *some* or all of the factual elements of the offense charged." 430 U.S. at 571 (emphasis added). Dow argues that the *Martin Linen* test is applicable in barring the retrial since by entering a judgment of acquittal on the (a)(1) count, the judge resolved "some of the factual elements" of the DUI offense. We disagree. The trial court's characterization of its action as an "acquittal" and the ICA's acceptance of such characterization does not necessarily make it so. We reiterate that the trial court, in "acquitting" Dow, only resolved the factual elements of one method of proving the DUI offense, which was not fatal to the State's case as there remained a completely separate method of proving the offense. *See State v. Grindles*, 70 Haw. 528, 777 P.2d 1187 (1989).

The Supreme Court in *Martin Linen* did not have before it a charge that statutorily could have been proved in two independent ways. This distinction is critical to our determination that the test enunciated in *Martin Linen* is inapplicable to the instant case and

that the judgment of acquittal in **Dow** was in form only and not in substance.

## IV.

Based on the foregoing, we conclude that Dow was not twice placed in jeopardy for the same offense when he was retried following a mistrial on the (a)(2) count, despite the trial court's entry of judgment of acquittal on the (a)(1) count. We therefore reverse the ICA's decision and remand the case to the ICA for consideration of the issues raised on appeal other than double jeopardy.

On the brief: *Charlotte Jean Duarte*, Deputy Prosecuting Attorney, for petitioner–appellee.
On the brief: *Earle A. Partington* (Partington & Foley) for respondent–appellant.