**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000833
24-JAN-2022
07:49 AM
Dkt. 100 SO**

NO. CAAP-17-0000833

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
MICHAEL D. BEST, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CPC-17-0000266)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Wadsworth and McCullen, JJ.)

Defendant-Appellant Michael D. Best (**Best**) was charged by Felony Information with Assault in the Second Degree (**Assault 2**), in violation of Hawaii Revised Statutes (**HRS**) § 707-711(1)(a).[1/] The charge stemmed from a November 6, 2016 altercation between Best and complaining witness Kurt Butler (**Butler**) that took place in the rooming house where they both lived. Following a bench trial, Best was convicted of the lesser included offense, Assault in the Third Degree (**Assault 3**), in violation of HRS § 707-712.[2/] The Circuit Court of the Second

---

[1/] HRS § 707-711(1)(a) (Supp. 2016) provides:

(1) A person commits the offense of assault in the second degree if:

(a) The person intentionally, knowingly, or recklessly causes substantial bodily injury to another[.]

[2/] HRS § 707-712 (2014) provides:

(1) A person commits the offense of assault in the third degree if the person:

(continued...)

Circuit (**Circuit Court**)[3] ruled that Best and Butler "entered into [a] fight or scuffle by mutual consent[,]" which reduced the Assault 3 conviction from a misdemeanor to a petty misdemeanor pursuant to HRS § 707-712(2).

Best appeals from the Judgment; Conviction and Sentence; Notice of Entry, entered on October 3, 2017, in the Circuit Court.  On appeal, Best contends that: (1) the Circuit Court erred in not terminating the case when the court granted Best's motion for judgment of acquittal (**MJOA**); (2) the Circuit Court improperly imposed a duty to retreat upon Best in considering his self-protection justification; (3) the Circuit Court failed to evaluate the self-protection justification from Best's subjective perspective; (4) the evidence was insufficient to support Best's conviction; and (5) Best was denied effective assistance of counsel.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Best's contentions as follows, and we vacate and remand for a new trial:

(1) Best contends that the case should have terminated when the Circuit Court granted the MJOA on the Assault 2 charge. Best asserts that, "[g]enerally, a judgment of acquittal on the charged offense is deemed to include acquittal on all uncharged lesser-included offenses unless there is prior indication that the ruling was intended to be limited."[4]  Best acknowledges that he failed to raise this issue below, but requests that this court recognize plain error.

---

[2] (...continued)
      (a)    Intentionally, knowingly, or recklessly causes bodily injury to another person; or

      (b)    Negligently causes bodily injury to another person with a dangerous instrument.

      (2)   Assault in the third degree is a misdemeanor unless committed in a fight or scuffle entered into by mutual consent, in which case it is a petty misdemeanor.

[3]     The Honorable Peter T. Cahill presided.

[4]     Best cites no Hawaiʻi authority supporting this assertion.

We decline to do so. The Hawaiʻi Supreme Court has made clear that under Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 29(a),[5/] "[w]hen a court grants a motion for a judgment of acquittal, the court <u>must consider whether the evidence would be sufficient to sustain a conviction of an included offense</u>." <u>State v. Deedy</u>, 141 Hawaiʻi 208, 219, 407 P.3d 164, 175 (2017) (emphasis added) (citing 2A Charles Alan Wright, Peter J. Henning, & Sarah N. Welling, Federal Practice and Procedure § 467 (4th ed.); <u>United States v. Hawpetoss</u>, 388 F. Supp. 2d 952, 957 (E.D. Wis. 2005)).

Here, Best orally moved for a judgment of acquittal after the State rested its case. In granting the MJOA as to Assault 2, the Circuit Court stated:

> I cannot find at this stage, even with the evidence, viewing it in the light most favorable to the prosecution, that the State has sustained its burden of establishing that [Best] intentionally or knowingly caused substantial bodily injury to another, in particular, Kurt Butler, or that he recklessly caused serious or substantial bodily injury under 707-711(a) and (b).

However, the Circuit Court also considered the included offense of Assault 3 and ruled: "[T]here is evidence to support the matter going forward on [Assault 3] under [HRS § 707-712] one or two as a fight or a scuffle." Thus, consistent with the supreme court's later ruling in <u>Deedy</u>, the Circuit Court granted the MJOA as to Assault 2, but found sufficient evidence to go forward on Assault 3 – a lesser included offense.[6/] See <u>State v. Williams</u>,

---

[5/] HRPP Rule 29(a) provides, in relevant part:

> The court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses alleged in the charge after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses.

[6/] Best's reliance on <u>State v. Dow</u>, 72 Haw. 56, 806 P.2d 402 (1991), is misplaced. There, the defendant was charged with driving under the influence (**DUI**) under former HRS § 291-4(a)(1) and (a)(2), which provided "two alternative means of proving a single offense." <u>Id.</u> at 58, 61, 806 P.2d at 403, 405. Thus, the trial court "did not have the authority under HRPP 29(a) to enter a judgment of acquittal as to less than the entire offense of DUI[.]" <u>Id.</u> at 65, 806 P.2d at 407. In contrast, here, Assault 3 is a lesser included offense of Assault 2, not an alternative means of proving a single offense. Under HRPP Rule 29(a), the Circuit Court was authorized to enter a judgment of acquittal as to Assault 2, and required to consider whether the evidence would be sufficient to sustain a conviction of an included offense. See <u>Deedy</u>, 141 Hawaiʻi at 219, 407 P.3d at 175.

146 Hawaiʻi 62, 64-65, 456 P.3d 135, 137-38 (2020) (stating that the defendant was charged with assault in the second degree, and found guilty of "the lesser included offense of assault in the third degree"); State v. Ito, 85 Hawaiʻi 44, 45, 936 P.2d 1292, 1293 (App. 1997) ("Where there is evidence to support a finding that a defendant's conduct was reckless, third degree assault under HRS § 707-712(1)(a) is a lesser-included offense of second degree assault under HRS § 707-711(1)(a)." (citing State v. Kupau, 76 Hawaiʻi 387, 391-92, 897 P.2d 492, 496-97 (1994))). Accordingly, the Circuit Court did not err in considering whether there was "evidence to support the matter going forward on [Assault 3] . . . as a fight or a scuffle."

(2) Best contends that the Circuit Court erred in evaluating his self-protection justification. He argues first that the Circuit Court improperly imposed a duty upon him to retreat.

Under HRS § 703-304 (2014), the use of force in self-protection is justified under the following circumstances:

> Subject to the provisions of this section and of section 703-308, the use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by the other person on the present occasion.

HRS § 703-304(1); see HRS § 703-300 (2014) ("'Believes' means reasonably believes.").

Best is correct that as a matter of generally applicable law, a person using force in self-protection need not retreat before estimating the necessity for the use of such force. See HRS § 703-304 cmt. Specifically, HRS § 703-304(3) provides:

> Except as otherwise provided in subsections (4) and (5) of this section, a person employing protective force may estimate the necessity thereof under the circumstances as he believes them to be when the force is used without retreating, surrendering possession, doing any other act which he has no legal duty to do, or abstaining from any lawful action.

Following trial, the Circuit Court entered findings of fact (**FOFs**) and conclusions of law. Best argues that FOFs 17 and

4

18 improperly imposed a duty to retreat. The relevant FOFs stated:

> 17. The Court finds Best had the opportunity to retreat from the altercation.
>
> 18. The Court finds Best should have retreated from the altercation and called police.

FOF 18 is actually a mixed determination of fact and law. As such, it is reviewed under the "clearly erroneous" standard. See Estate of Klink ex. rel. Klink v. State, 113 Hawaiʻi 332, 351, 152 P.3d 504, 523 (2007). In specifically stating that Best "should have retreated from the altercation" (emphasis added), FOF 18 effectively imposes a duty to retreat upon Best.

The State's reliance on State v. Pereira, No. 29361, 2009 WL 1763251, at *2 (Haw. App. June 23, 2009) (SDO), is misplaced. In Pereira, there was no finding or conclusion that the defendant should have retreated. Rather, the family court commented on a situation involving the defendant and the complaining witness that had been building over a four-week period and what the defendant could have done during that period. Id. In addition, the family court concluded that the defendant, having testified that he punched the complaining witness because he "just snapped," acted for reasons other than self-defense. Id. at *1-2. Under those circumstances, we declined to infer that the family court had imposed a duty to retreat upon the defendant. Id. at *2.

Here, in contrast, we do not have to "infer an improper conclusion." Id. The Circuit Court expressly found that Best "should have retreated from the altercation." In this circumstance, we conclude that the Circuit Court improperly imposed a duty to retreat upon Best, and that FOF 18 is thus clearly erroneous.

Moreover, in light of the entire record, we cannot conclude that the Circuit Court's erroneous finding was harmless beyond a reasonable doubt. See State v. Roman, 119 Hawaiʻi 468, 477, 199 P.3d 57, 66 (2008). Accordingly, the conviction for Assault 3 must be set aside.

5

(3) Given our conclusion as to Best's second point of error, we do not reach Best's contention that the Circuit Court failed to evaluate Best's self-protection justification from his subjective perspective.

(4) Best contends that "the evidence is insufficient to support the conviction because the court relied on speculation and made unreasonable inferences." (Capitalization altered.)

An appellate court reviews the sufficiency of evidence on appeal as follows:

> [E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.

Williams, 146 Hawaiʻi at 76, 456 P.3d at 149 (quoting State v. Richie, 88 Hawaiʻi 19, 33, 960 P.2d 1227, 1241 (1998)). "'Substantial evidence' as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." Id.

To establish that Best committed Assault 3, the State was required to prove beyond a reasonable doubt that Best intentionally, knowingly, or recklessly caused bodily injury to Butler. See HRS § 707-712(1)(a). Additionally, once there was any evidence in the record that such injury was inflicted during the course of a fight or scuffle entered into by mutual consent, the State was required to prove beyond a reasonable doubt that the fight or scuffle was not entered into by mutual consent. See HRS § 707-712(2); State v. Henley, 136 Hawaiʻi 471, 479, 363 P.3d 319, 327 (2015) (noting that the circuit court failed to give the standard HAWJIC 9.21A jury instruction on mutual affray).[7] Further, once evidence of justification was adduced, the State had the burden of disproving it beyond a reasonable doubt. See State v. Matuu, 144 Hawaiʻi 510, 520, 445 P.3d 91, 101 (2019).

---

[7]    "'Mutual affray' is a 'mitigating defense' to Assault in the Third Degree, reducing the offense from a misdemeanor to a petty misdemeanor." Henley, 136 Hawaiʻi at 479, 363 P.3d at 327 (citing State v. Kikuta, 125 Hawaiʻi 78, 95-96, 253 P.3d 639, 656-57 (2011)).

6

Here, substantial evidence supports the Circuit Court's conclusions that "Best did recklessly cause bodily injury to Butler" and "Best and Butler entered into [a] fight or scuffle by mutual consent." As to Butler's injury, the Circuit Court found that Butler suffered broken ribs and exhibited "some indication of a punctured lung" as a result of the altercation between Best and Butler on November 6, 2016. Substantial evidence supports this finding, as the State's expert witness, Dr. Turgut Berkmen (**Dr. Berkmen**), testified that the X-ray images of Butler showed two rib fractures and that they were acute, meaning recent, fractures. When asked whether it was "fair to say that there were two rib fractures . . . on November 6th?" Dr. Berkman responded, "Yes." As to causation, substantial evidence supports the court's findings that on November 6, 2016, Best and Butler "engaged in a physical altercation[,]" and that "the injury to Butler was caused during a mutual affray." Both Butler and Best testified about the altercation. Butler testified, for example, that Best "charged" him while Butler stood in his doorway; Best "grabbed a large poster assembly . . . and started using it as a battering ram as [Butler] was trying to close [his] door"; Best "managed to pull [Butler] out of the room"; Best and Butler struggled over a baseball bat and fell to the floor during the struggle; and another tenant came out and took the bat away from them. Best himself testified: "I then yanked [Butler] out of his room, spun him around, and I laid him down on the ground gently." Best also stated: "We're both holding on to the baseball bat, and I pulled with the baseball bat. He never released. And I spun him around, and I laid him down on the ground, with the baseball bat in between us, him supine and me straddling him." Dr. Beckmen testified as to the different ways Butler's rib injuries could have occurred, including, for example, by "two people falling down, one on top of the other[.]"

As to Best's state of mind, substantial evidence also supports the Circuit Court's conclusion that Best acted recklessly.[8] Because proving the requisite state of mind by

---

[8]    HRS § 702-206 (2014) defines "recklessly" as follows:

(continued...)

7

direct evidence in a criminal case is difficult, "proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the defendant's conduct is sufficient." State v. Stocker, 90 Hawai'i 85, 92, 976 P.2d 399, 406 (1999) (quoting State v. Mitsuda, 86 Hawai'i 37, 44, 947 P.2d 349, 356 (1997)) (brackets omitted). "Thus, the mind of an alleged offender may be read from his acts, conduct and inferences fairly drawn from all the circumstances." Id. (quoting Mitsuda, 86 Hawai'i at 44, 947 P.2d at 356). Based on the testimony regarding the altercation, and all of the circumstances surrounding Best's conduct, the Circuit Court fairly inferred that Best acted recklessly in causing bodily injury to Butler.

As to Best's self-protection justification, there was substantial evidence supporting the Circuit Court's conclusion that "the force Best used against Butler was not justifiable." In particular, the evidence adduced at trial supports the Circuit Court's finding that "no immediacy existed that necessitated Best to act in self-defense." On cross-examination, the State asked Best, "After [Butler] sprayed you with the pepper spray, why didn't you go back to your room?" Best responded in part that after an earlier pepper spray incident involving Butler, Best had told Butler that "if he ever sprayed me with pepper spray again that I would take it from him and I would show him how to use it." Best's testimony continued as follows:

---

[8]/ (...continued)

(a) A person acts recklessly with respect to his conduct when he consciously disregards a substantial and unjustifiable risk that the person's conduct is of the specified nature.

(b) A person acts recklessly with respect to attendant circumstances when he consciously disregards a substantial and unjustifiable risk that such circumstances exist.

(c) A person acts recklessly with respect to a result of his conduct when he consciously disregards a substantial and unjustifiable risk that his conduct will cause such a result.

(d) A risk is substantial and unjustifiable within the meaning of this section if, considering the nature and purpose of the person's conduct and the circumstances known to him, the disregard of the risk involves a gross deviation from the standard of conduct that a law-abiding person would observe in the same situation.

> Q. [by Deputy Prosecuting Attorney:] And that's why when he sprayed you with the pepper spray, you followed through on going toward Mr. Butler to go get that can of pepper spray, correct?
>
> A. One step forward and I reached out. . . .
>
> Q. You were going to go get that can of pepper spray. You were going to follow through on your threat, correct?
>
> A. Probably, yeah.

Even assuming Best subjectively believed that his use of force was necessary, there was substantial evidence that a reasonable person in the same situation as Best would not have believed that his use of force was immediately necessary for self-protection.[9/] See State v. Augustin, 101 Hawai‘i 127, 128, 63 P.3d 1097, 1098 (2002) ("With respect to the use-of-force defenses, the defendant's belief must be 'reasonable[.]'"). Thus, "[v]iewing the evidence in the light most favorable to the prosecution and in full recognition of the province of the trier of fact," there was sufficient evidence that Best's self-protection justification was disproved through testimony showing a lack of immediacy. State v. Jhun, 83 Hawai‘i 472, 483, 927 P.2d 1355, 1366 (1996).

On appeal, Best argues that various credibility determinations and discounting of testimony by the Circuit Court undermined Best's conviction. However, the record shows that the Circuit Court found relevant portions of both Best's and Butler's testimony regarding their altercation to be credible and to

---

[9/]     "The test for assessing a defendant's self-protection justification pursuant to HRS § 703-304 . . . involves two prongs because HRS § 703-300 . . . defines 'believes' as 'reasonably believes.'" Matuu, 144 Hawai‘i at 520, 445 P.3d at 101 (footnote omitted); see State v. Lubong, 77 Hawai‘i 429, 433, 886 P.2d 766, 770 (App. 1994).

> "Under the subjective prong the jury is required to evaluate the use of force from the defendant's perspective. . . . The focus is on the circumstances known to the defendant, thus directing the jury to consider the actions of a 'reasonable person in the defendant's position under the circumstances as he believed them to be.'" [State v. ]Pond, 118 Hawai‘i [452, ]491, 193 P.3d [368, ]407 [(2008)] (brackets, emphasis, and citation omitted). "Under the objective prong, emphasis is placed on the reasonable person standard so the defendant's use of force must be 'determined from the point of view of a reasonable person.'" Id. (brackets and citation omitted).

State v. Locken, 134 Hawai‘i 376, 389, 341 P.3d 1176, 1189 (App. 2014).

support the court's finding of guilt.  See State v. Eastman, 81 Hawaiʻi 131, 139, 913 P.2d 57, 65 (1996) ("It is for the trial judge as fact-finder to assess the credibility of witnesses and to resolve all questions of fact; the judge may accept or reject any witness's testimony in whole or in part." (citing Lono v. State, 63 Haw. 470, 473, 629 P.2d 630, 633 (1981))).  We decline to pass upon issues regarding the credibility of witnesses and the weight of the evidence, which are within the province of the trier of fact — here, the Circuit Court.  See Stocker, 90 Hawaiʻi at 90, 976 P.2d at 404.

Upon review of the record, we conclude there was substantial evidence that Best recklessly caused bodily injury to Butler during the course of a fight or scuffle entered into by mutual consent.  Accordingly, the evidence was sufficient to support Best's conviction for Assault 3 as a petty misdemeanor.

(5) Given our conclusion as to Best's second point of error, we do not reach Best's contention that he was denied effective assistance of counsel.

For the reasons discussed above, the Judgment; Conviction and Sentence; Notice of Entry, entered on October 3, 2017, in the Circuit Court of the Second Circuit, is vacated, and the case is remanded to the Circuit Court for a new trial.

DATED:  Honolulu, Hawaiʻi, January 24, 2022.


On the briefs:

Matthew S. Kohm
for Defendant-Appellant.

Renee Ishikawa Delizo,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

Katherine G. Leonard
Presiding Judge


Clyde J. Wadsworth
Associate Judge


Sonja M.P. McCullen
Associate Judge